# AHMAD KESHAVARZ
*Attorney at Law*

---

16 COURT ST., 26TH FLOOR  
BROOKLYN, NY 11241-1026

WWW.NEWYORKCONSUMERATTORNEY.COM  
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (347) 308-4859  
Fax: (877) 496-7809

November 15, 2021

**VIA ECF**
Magistrate Judge Marcia M. Henry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re: **Cover Letter to Proposed Discovery Schedule on FDCPA Actual Damages.**
> *Fadlevich v. JD 34th Street Realty, LLC,* **No. 1:19-cv-04227-AMD-CLP**

Dear Judge Henry:

This firm represents Plaintiff Mark Fadlevich against Gutman, Mintz, Baker & Sonnenfeldt, LLP, a debt collection law firm, and Eric Keilbach, an attorney at the firm (collectively "Gutman Defendants") and against putative judgment creditor JD 34th Street Realty, Inc. ("JD 34th") for alleged violations of the Fair Debt Collection Practices Act (the "FDCPA") and related state law claims.

Enclosed is the requested joint proposed scheduling order for the remainder of discovery on Plaintiff's actual damages pursuant to Gutman Defendants admission of liability for violating the FDCPA.

The parties have agreed to:

1. a fact discovery on actual damages deadline of March 31, 2022;

2. if any party designates an expert as to medical issues, the parties may take depositions of treating medical providers and issue subpoenas related to medical treatment during the time period for the completion of expert discovery;

3. request that the deadline to depose Plaintiff be extended to February 16, 2022 to allow the parties to resolve issues around medical records and avoid the need for additional depositions;

4. the parties have agreed to tentative deposition dates and to reserve two dates so that, if Mr. Fadlevich is unable to complete a deposition due to his health on the first day, the deposition will be adjourned to be completed on a second "spillover" day;

5. Defendants do not waive their right to timely request more than the statutorily allotted 7 hours for Plaintiff's deposition, and Plaintiff does not waive his right to object to any such application;

6. Gutman Defendants will be moving to compel additional documents by December 7, 2021 to supplemental discovery on medical records dating back to January 8,

1

2014 prior to taking and completing the deposition of plaintiff to avoid the necessity of additional depositions;

The parties have the respective positions on discovery:

**Plaintiff's Position**

Plaintiff has produced 2,058 pages of documents to Defendants, the vast majority of which are medical records. These medical records were obtained first by medical releases and then, where necessary, by issuing subpoenas to compel their production. Plaintiff has gone beyond reasonable efforts to locate and produce documents responsive to Gutman Defendants' discovery requests, which notably are limited in scope to the time period of November 1, 2018 to July 31, 2019.[1]

Nevertheless, Gutman Defendants have objected to what they view as insufficient discovery and on this basis threaten to seek a second deposition of the Plaintiff. As an attempt at compromise, Plaintiff has offered to provide medical releases for two providers that Plaintiff has not been able to obtain documents for on the condition that all documents be designated confidential pursuant to a stipulation.

**Gutman Defendants' Position**

Given the lateness in the day in which I received the proposed draft of the letter to Your Honor, (approximately 4 pm), as well as the limited space that I, (along with opposing counsel) have to address this issue, I respectfully reserve my clients' right to elaborate more fully, if necessary, on the present discovery issue. However, focusing merely on the issue of documents concerning treatment of Plaintiff by mental health professionals, I did not learn until I reviewed what was produced (only a little over 1000 pages were medical records) that Plaintiff apparently had had treatment for various psychological issues prior to November 1, 2018. Given that the only issue that is left to be tried is Plaintiff's alleged pain and suffering resulting from conduct forming the basis of my clients' conceded liability, these records are potentially critical to my clients' defense to Plaintiff's argument that their actions caused him, as opposed to his apparent pre-existing psychological issues, any pain and suffering.

The Parties request the Court so order the agreements reflected in this letter, as well as the attached scheduling order on FDCPA actual damages.

Respectfully,

/s/

Ahmad Keshavarz

---

[1] *E.g.* Document Request No. 24: "All documents concerning medical treatment received by a medical doctor and/or mental health professional between November 1, 2018 and July 31, 2019."