# A HMAD  K ESHAVARZ
*Attorney at Law*

---

| 16 C OURT  S T ., 26 TH  F LOOR  BROOKLYN, NY 11241-1026 | WWW.NEWYORKCONSUMERATTORNEY.COM  E-mail: ahmad@NewYorkConsumerAttorney.com | Telephone: (718) 522-7900  Fax: (877) 496-7809 |

August 20, 2025

**VIA ECF**
Magistrate Judge Marcia M. Henry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> **Re:** **Letter Requesting Pre-Motion Conference to file Amended Complaint.**
> *Fadlevich v. JD 34th Street Realty LLC et al.,* **No. 1:19-cv-04227-NRM-MMH**

Dear Judge Henry:

This office represents Plaintiff in the above-captioned action. Plaintiff files this letter for pre-motion conference to file a Third Amended Complaint to add claims for negligence, negligence *per se*, and gross negligence against Defendant Gutman, Mintz, Baker & Sonnenfeldt, LLP, a debt collection law firm, and Defendant Eric Keilbach, an attorney at the firm (collectively "Gutman Defendants"). The impetus for seeking the amendment is the March 31, 2025 summary judgment order in the instant case, *Fadlevich v. JD 34th St. Realty LLC*, 775 F. Supp. 3d 668 (E.D.N.Y. 2025) and the March 20, 2025 summary judgment opinion in a related case, *Crespo v. Gutman, Mintz, Baker & Sonnenfeldt, LLP*, No. 22-CV-6599 (JPO), 2025 WL 871637 (S.D.N.Y. Mar. 20, 2025).

## I.    PROCEDURAL HISTORY.

On July 22, 2019, Plaintiff filed the Original Complaint in this action [DE #1]. On January 17, 2020 Plaintiff filed a motion to amend the original complaint [DE #38] to note that the restrained money was eventually released just prior to the filing of the Complaint. The application was granted on April 15, 2020 [DE #47], and the First Amended Complaint was filed on April 27, 2020.[DE #48]. On May 11, 2020 the Gutman Defendants filed a letter [DE # 50] admitting liability to an unspecified violation of 15 U.S.C. § 1692e. On June 16, 2021, Plaintiff made a motion to amend the First Amended Complaint solely to note that Plaintiff was a resident of Alabama and invoking diversity jurisdiction [DE #59]. On October 19, 2021, Your Honor granted Plaintiff's motion, and on October 26, 2021, Plaintiff filed his Second Amended Complaint [DE #64]. On January 19, 2024 Parties moved for cross-motions for summary judgment as to state law claims only, and not as to FDCPA claims. On March 31, 2025, the Court issued an order denying Plaintiff's motion, granting the motion by Defendant JD 34th St. Realty LLC, and granting in party and denying in part without prejudice the Gutman Defendants motion for summary judgment. The Court found the summary judgment record unclear as to the issue of whether money was removed from Mr. Fadlevich's account or just restrained, so the District Judge authorized a limited reopening of discovery to develop further facts regarding Plaintiff's conversion claim. [DE #135] The parties promptly agreed, requesting that the Court reopen discovery for a period of 120 days to further develop facts regarding the conversion claim. [DE #136] No party has moved for summary judgment on the FDCPA claims.

## II.    LEGAL STANDARD

Under Fed. R. Civ. P. 15(a)(1), "[a] party may amend its pleading once as a matter of course no later than . . . 21 days after serving it, or . . . 21 days after service of a responsive pleading or 21 days after service of a motion" to dismiss. Fed. R. Civ. P. 15(a)(2) continues: "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." A court may decline to grant leave to amend, which is to be "freely" given, "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." Such good reason does not exist here, as Plaintiff's proposed amendment is not futile, not in bad faith, not unduly delayed, and not unduly prejudicial to the Gutman Defendants.

### A. Plaintiff's Proposed Amendment is Not Futile

Under a recent Southern District FDCPA decision obtained by this office against the Gutman Defendants in a related case, *Crespo v. Gutman, Mintz, Baker & Sonnenfeldt, LLP* (2025 WL 871637), internal records questioning the legality of their own conduct were held to support a claim for gross negligence. Plaintiff's proposed amendment to his complaint makes a claim for gross negligence in circumstances similar to those which stated a claim for gross negligence in *Crespo*. *Crespo* involved the same Gutman Defendants as in the case at bar (with the addition of Gary Thigpen, one of its collectors), and discovery was shared between the cases. [DE # 92-97].

As in the case at bar, in *Crespo* the Gutman Defendants restrained the bank account of a consumer despite the fact all of the money in the account was exempt. *Crespo* at * 2. The Court held that if the jury believed the (disputed) testimony of Plaintiff – that the debt collector told him that the "only way" to release exempt money was to sign a release of some of those exempt funds to the Gutman Defendants – it would violate the FDCPA and allow a jury question as to gross negligence and punitive damages for gross negligence. *Id.* at * 6 and * 9.

The Court held violations of the FDCPA can state a claim for gross negligence where conduct "evinces a reckless disregard for the rights of others or smacks of intentional wrongdoing." *Id.* at * 9. The Court found that evidence supporting the inference that the Gutman Defendants knew they were acting in disregard of a consumer debtor's rights—through the production of internal records questioning the legality of the defendant debt collector's conduct—could support a gross negligence and punitive damages claims under this standard. *Id.* ("Moreover, that Crespo supplies internal GMBS records questioning the legality of their own conduct raises the triable inference that GMBS knew it was acting in disregard of Crespo's rights.")(citations to summary judgment record omitted). *Id*.

Such evidence abounds here. *Fadlevich*, 775 F. Supp. at 677–81. The Gutman Defendant's own account notes provide evidence over and over again that the Gutman Defendants knew the money they restrained was exempt but did nothing to release the funds, and, indeed, repeatedly sent additional bank restraints. *Id*. On December 4, 8, and 11, 2018 Fadlevich emailed Thigpen an executed Exemption Claim Form and four months of bank statements documenting all of the funds in the account were exempt. *Fadlevich*, 775 F. Supp. at 677–78. Thigpen forwarded the emails to Keilbach upon receipt, and Keilbach took no action in response to these emails. *Id*. Over the next six months, the account notes demonstrate over and over that the firm and its collectors themselves believed the restrained funds were exempt, but would not release the restraint. *Id*., 775 F. Supp. at 677–81. As the Court noted in its summary judgment order, "On December 19, 2018, Thigpen instructed Marshal Moses's office to release Plaintiff's account because the funds ***were exempt***." *Fadlevich*, 775 F. Supp. 3d at 679. (emphasis

added).

Mr. Fadlevich mailed the Gutman Defendants packets of documents on four different occasions over a period of six months (two of which the Gutman Defendants admit receiving), with bank statements demonstrating that funds were exempt and a letter from Wells Fargo stating it would not release the account absent a letter from the Gutman Defendants. *Id*. Yet Gutman Defendants took no action to release the account and, instead, continued to send bank restraints which, in some instances, made even more money inaccessible to Mr. Fadlevich. *Id*., 775 F. Supp. at 679–81. In response to the April 24, 2018 the packets sent by Mr. Fadlevich, on May 2, 2019 a collector noted internally that Fadlevich "provided proof that all funds in his account are exempt since they are from social security," and that he had provided that information to Keilbach. *Id*., 775 F. Supp. 3d at 680. Yet Keilbach and the firm did nothing to release the funds or cease sending additional restraints. The Gutman Defendants only issued a full release of the restrained funds on July 17, 2019, more than seven months after they admit first receiving documentary evidence that all of the money in the account was exempt. And the only reason they finally released the money is that the Marshal told the Gutman Defendants that the undersigned – an attorney who sued the Gutman Defendants several times prior – had contacted him regarding a July 10, 2019 bank restraint. *Id*. 775 F. Supp. at 681. In other words, the Gutman Defendants ignored evidence for months from a disabled consumer, but leaped into action within minutes of learning they may be sued.

The Gutman Defendants have a duty of reasonable care to Mr. Fadlevich not to commit negligence or gross negligence because they have a duty not to violate the FDCPA. *Crespo* at *9.; *see also Hawkins-El v. First Am. Funding, LLC*, 891 F. Supp. 2d 402, 412 (E.D.N.Y. 2012), *aff'd*, 529 F. App'x 45 (2d Cir. 2013). The Gutman Defendants violated that duty by violating the FDCPA in a multitude of ways, including violating 15 U.S.C. § 1692f by using "unfair or unconscionable" debt collection means. The case at bar is similar to how Gutman Mintz violated the FDCPA in *Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP*, 875 F.3d 128, 138 (2d Cir. 2017). There, Gutman Mintz restrained exempt money in a bank account, received bank statements from the consumer documenting all of the funds were exempt, and then filing a frivolous motion in state court to delay the release of the exempt funds. The Second Circuit held this violates 15 U.S.C. § 1692f. *Id*. *See also Polanco v. NCO Portfolio Mgmt., Inc.*, 930 F. Supp. 2d 547, 552 (S.D.N.Y. 2013) (refusing to promptly return money it no longer had a right to possess because of a court order violates 1692f).

### B. Plaintiff's Amendment Is Not in Bad Faith, Unduly Delayed, or Unduly Prejudicial

A district court may decline to grant leave to amend "for good reason, including futility, bad faith, undue delay, or undue prejudice." Plaintiff's proposed amendment is not made in bad faith, not unduly delayed, and not unduly prejudicial. This amendment comes, in part, in light of the recent *Crespo* decision on the issue of gross negligence in debt collection. No more discovery will be needed than if the complaint was not amended. Indeed, the Gutman Defendants can minimize any delay by consenting to the amendment, answering, and then promptly moving for summary judgment based on the existing evidentiary record, if they wished. In any event, delay alone is an insufficient basis for denying a motion to amend, "absent a showing of bad faith or undue prejudice," *State Teachers Ret. Bd.* at 856, which cannot be shown here

III. **Conclusion**

     For these reasons, Mr. Fadlevich respectfully asks this Court to grant his request for a pre-motion conference to file an Amended complaint.

Respectfully,

    /s/

Ahmad Keshavarz