

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**KENNETH A. NOVIKOFF**
PARTNER
(516) 357-3110
ken.novikoff@rivkin.com

September 5, 2025

**VIA ECF**
Magistrate Judge Marcia M. Henry
Eastern District of New York
225 Cadman Plaza East, Courtroom 4GN
Brooklyn, New York 11201

    Re:   *Fadlevich v. JD 34th Street Realty, LLC,* **19-cv-04227-DG-MMH**

Your Honor:

    Rivkin, Radler LLP represents Defendants Gutman, Mintz, Baker & Sonnenfeldt, LLP and Eric Keilbach, ("Gutman"), in the above referenced action. Reference is made to Plaintiff's counsel's letter requesting a pre-motion conference to address Plaintiff's intended motion to amend his Second Amended Complaint, to add claims for gross negligence and negligence *per se*. *See*, Dkt. # 137.

    The Gutman Defendants do not consent to the requested amendment. If Plaintiff pursues this course, then he should be required to file his motion, which Gutman will vigorously oppose.[1]

    Plaintiff's application, made **over six years** after the commencement of this action, is extraordinarily delayed, and without any adequate explanation. Moreover, Plaintiff's proposed amendment is made in "bad faith," and will be prejudicial to Gutman if granted.[2]

---

[1] Gutman will preview in this filing some of the issues that it will raise in any opposition to a future motion filed by Plaintiff and respectfully reserve their right to raise additional arguments and/or provide a more fulsome analysis in any opposition filed by them.

[2] Although Plaintiff devotes a substantial portion of his pre-motion conference letter to addressing the futility prong associated with a motion for leave to amend, Gutman will not address this issue herein, believing it more appropriate, given the nature of claims sought to be added, to address the viability of these claims on a dispositive motion. *See, e.g., Julian v. Only What You Need, Inc.,* 2025 U.S. Dist. LEXIS 12501, at *5 (S.D.N.Y. Jan. 23, 2025) ("court concludes that Defendant's arguments that Plaintiff's proposed amended allegations are futile are more appropriate for a motion to dismiss than for opposition to Plaintiff's motion for leave to amend the Complaint").

September 5, 2025
Page 2

"A court may deny leave to amend for 'good reason,' which normally involves an analysis of the four factors articulated in *Foman v. Davis* []: undue delay, bad faith, futility of amendment, or undue prejudice to the opposing party." *Perez v. Escobar Constr., Inc.*, 342 F.R.D. 378, 380 (S.D.N.Y. 2022) (citation omitted). "Good reason" for denial will be abundant.

### A. <u>Undue Delay</u>

Plaintiff filed this action on July 22, 2019. *See, Dkt. # 1*. Plaintiff waited over six years, until after the close of discovery[3] and after the parties' respective summary judgment motions were filed and decided, before seeking leave to amend. "This constitutes undue delay." *Dawson v. Pelican Mgmt.*, 2012 U.S. Dist. LEXIS 85055, at *11 (E.D.N.Y. June 1, 2012) (citing *Simon v. City of New York,* 2011 U.S. Dist. LEXIS 9515, at *21 (E.D.N.Y. Jan. 3, 2011)) (finding undue delay where plaintiff "waited one year after filing her original complaint . . . and only five days before discovery was set to close, to seek leave to amend the complaint a second time"); *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (no abuse of discretion in denying motion to amend where "discovery had closed, defendants had filed for summary judgment, and nearly two years had passed since the filing of the original complaint").

Where a "significant period of time has passed prior to filing a motion to amend . . . the moving party must provide an explanation for the delay." *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 453 (S.D.N.Y. 2016). Critically, "[a]n unexplained six-year delay counsels heavily against granting leave to amend." *Allah v. Juchnewioz*, 2003 U.S. Dist. LEXIS 4265, at *11 – 12 (S.D.N.Y. Mar. 24, 2003) (citation omitted).

Plaintiff has offered no credible explanation for his six-year delay. Plaintiff's counsel seems to rely solely on the decision issued by the District Court in the case entitled *Crespo v. Gutman, Mintz, Baker & Sonnenfeldt, LLP et al*, where summary judgment was denied to Defendants on Plaintiff's gross negligence claim. *Crespo* neither found for the first time a gross negligence claim for relief in the FDCPA context, nor broke <u>any</u> new legal ground on such a claim.

Indeed, there appears to have been no dispute as to whether a gross negligence claim could be raised in the FDCPA context. In fact, **before** Plaintiff filed this action, and for many years before filing the instant request, Plaintiff's counsel had asserted on behalf of his client a gross negligence claim in the FDCPA context! *See, e.g., Calixto v. Balsamo & Rosenblatt, P.C..,* 18-cv-04675 (E.D.N.Y); *Franklin v. Cona Elder Law, PLLC,* 21-cv-04810 (S.D.N.Y.). The Court in *Crespo* simply decided that there were issues of fact as to Plaintiff's gross negligence claim, thereby precluding summary judgment. It provides absolutely no basis to explain Plaintiff's delay.

### B. <u>Prejudice</u>

"[T]he longer the period of an unexplained delay, the less will be required of the non-moving party in terms of a showing of prejudice." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). "A litigant may be 'prejudiced' within the meaning of the rule if the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery

---

[3] Discovery has been re-opened at the Court's invitation, but only for Plaintiff's conversion claim.

September 5, 2025
Page 3

and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Pasternack v. Shrader*, 863 F.3d 162, 164 (2d Cir. 2017).

Prejudice is everywhere. If these claims are added, preparation for the trial, as well as the trial itself, will substantially increase. As it stands now, given Plaintiff's concession of liability as to Plaintiff's FDCPA § 1692e claims, the only issue to be tried concerning Plaintiff's FDCPA claims is his "actual damages."[4] If the proposed amendment is granted, liability will effectively be tried. Moreover, if this occurs, the evidentiary issues presented will be substantial, requiring numerous pre-trial motions *in limine*.

Further, if amendment is allowed and negligence becomes an issue, Gutman will seek to implead Wells Fargo into this action. Should this occur, extensive discovery will be sought from Wells Fargo, causing, *inter alia*, further delay to the resolution of this action, as well as expense.

### C. Bad Faith

Plaintiff's intended motion evinces bad faith. "The possibility of bad faith is, in and of itself, reason to deny" a motion for leave to amend. *Rotter v. Leahy*, 93 F. Supp. 2d 487, 496 (S.D.N.Y. 2000). Bad faith exists where the earlier decision not to plead additional allegations "was a tactical one." *State Trading Corp. of India v. Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir. 1990). The evolution of this matter suggests that the amendment here is tactical.

Plaintiff's counsel has been aware for many years that actual damages, and not liability, would be tried on Plaintiff's FDCPA claims. Plaintiff's counsel had expected that evidence as to liability, (which he undoubtedly believes will bias the jury on damages), would come in through Plaintiff's GBL § 349 claim. When that claim was dismissed on summary judgment, (as Gutman was always confident it would), Plaintiff's counsel obviously realized that the only way such evidence could now come in would be through a common law negligence theory of liability. This pattern evinces bad faith. *See*, *In re Gen. Elec. Co. Sec. Litig.*, 2012 U.S. Dist. LEXIS 100584, at *13 (S.D.N.Y. July 12, 2012) (leave to amend denied where "Plaintiff made a tactical decision to . . . wait until after the Court's judgment to alter substantially its legal theory").[5]

                                                            Respectfully submitted,

                                                            RIVKIN RADLER LLP

                                                            *Kenneth A. Novikoff*

                                                           Kenneth A. Novikoff

---

[4] Even if Plaintiff's conversion claim survives summary judgment, the evidentiary issues for trial will be narrow.

[5] Gutman will certainly elaborate and expand on its bad faith and prejudice analysis in any opposition filed to any motion for leave to amend filed by Plaintiff.

September 5, 2025
Page 4

4918-0296-0230, v. 2