# AHMAD KESHAVARZ
*Attorney at Law*

---

16 COURT ST., 26TH FLOOR  
BROOKLYN, NY 11241-1026

WWW.NEWYORKCONSUMERATTORNEY.COM  
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (718) 522-7900  
Fax: (877) 496-7809

September 10, 2025

**VIA ECF**  
Magistrate Judge Marcia M. Henry  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, NY 11201

  **Re:**  **Joint letter regarding remaining claims**  
     *Fadlevich v. JD 34th Street Realty, LLC,* **No. 1:19-cv-04227-DG-MMH**

Dear Judge Henry:

  The undersigned represents Plaintiff Mark Fadlevich in this lawsuit alleging violations of the FDCPA and state law. Defendants are a law firm, Gutman, Mintz, Baker & Sonnenfeldt, LLP and an attorney at the firm, Eric Keilbach (collectively "GMBS") and a putative landlord judgment creditor, JD 34th Street Realty LLC ("JD 34th").

  As per Your Honor's August 28, 2025 ECF Order, this letter serves as the joint letter "confirming their respective understandings of the remaining claims and parties" following the Court's 03/31/2025 Summary Judgment Order (ECF No. [135]).

  The Parties apologize for the tardiness of this letter, as it was due September 5, 2025. The Parties had some disagreements (noted below) that they needed to resolve.

  **FDCPA claims.**

    *The view of GMBS.*

  It is the GMBS's position that as to Plaintiff's FDCPA claims that "remain," the only issues to be tried are Plaintiff's actual damages. GMBS conceded liability as to Plaintiff's §1692e claims, *see, Minute Entry and Order dated October 19, 2021,* and as a result discovery on Plaintiff's FDCPA claims was only permitted to proceed as to the sole issue to be tried pursuant to the FDCPA claims, *i.e.,* "actual damages." This conclusion is clear from various District Court Orders issued, *see, e.g., Dkt. ## 47 & 55*, as well as any fair reading of the multitude of filings made by counsel addressing this concession of liability and its impact on the issues to be tried. *See, e.g., Dkt # 59.*[1]

    *The view of Plaintiff.*

  All of Plaintiff's FDCPA claims, which were brought solely against GMBS, remain. Neither Plaintiff nor GMBS moved for summary judgment on Plaintiff's FDCPA claims. As

---

[1] The Gutman Defendants do not believe that this "joint status letter' is the appropriate vehicle in which to address and analyze all of the filings pertaining to this issue. The Gutman Defendants will be prepared at the appropriate time, if required and/or allowed, to brief and present their position to this Court.

1

such the Summary Judgment Order did not address the FDCPA claims. As such, those claims remain. Specifically Plaintiff plead GMBS violated the following prohibitions of the FDCPA as to debt collection representations or means: 15 U.S.C. § 1692f (unfair or unconscionable means), 1692e (false, deceptive, or misleading representations or means), 1692e(2)(A) (the false representation of the character, amount, or legal status of any debt), 1692(2)(B) (the false representation of any services rendered or compensation which may be lawfully received), 1692e(3) (failure to perform a meaningful attorney review), 1692e(5) (taking an act or threatening to take an act prohibited by law), 1692e(8) (communicating to any person credit information which is known or which should be known to be false), 1692e(10) (using any false representations or means), 1692f(1) (the collection of any amount unless such amount is expressly permitted by law), 1692f(6)(C) (taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if the property is exempt by law from such dispossession or disablement). *See* Plaintiff's Second Amended Complaint, Dkt. No. 64, ¶ 87 (delineating statutory violations).

The "position" of GMBS is unduly vague and thus not fully non-responsive to the order of this court in that it does not *clearly* state what claims it believes remain.

GMBS misunderstands or simply misrepresents the record. The only district court order issued this case was the March 31, 2025 Summary Judgment Order (ECF No. 135). There are no "*District Court* Order*s* issued, *see, e.g*., Dkt. ## 47 & 55." (emphasis added). The only orders referenced by GMBS are magistrate orders as to *discovery*, initially limiting the scope of discovery, and then removing that limitation. A magistrate of course has no authority to dismiss a claim on the merits. Only an Article III judge can do so, absent consent of all parties to proceed with all matters before the magistrate, which is not the case here.

GMBS more clearly disclosed what FDCPA claims it believes no longer remain in its Summary Judgment Reply, Dkt. No. 126, p. fn. 1. GMBS stated it was "operating under the impression" that, by way of their "concession of liability under 1692e," Dkt. No. 50, that Plaintiff's 1692f claim "was effectively dismissed." *Id*.

If it is in fact the position of GMBS that Plaintiff's 1692f claim is dismissed and no longer remains it should say so. GMBS should do so for each of the FDCPA sections plead by Plaintiff and listed above, *e.g.* 1692e (threatening to take an act prohibited by law, or actually doing so). Notably, different violations may result from different conduct and resulting in different damages. The 1692f violations ("unfair or unconscionable means") would not only include the initial restraint, but also issuing subsequent restraints over the subsequent nine months increasing, decreasing, and again increasing the amount restrained, after receiving multiple notices all the funds were exempt, and ignoring their own internally-expressed doubts as to the legality of the restraints placed on Mr. Fadlevich's account.

By failing to make a clear disclosure, GMBS is violating the order of Your Honor. Plaintiff requests Your Honor order GMBS to expressly state which of the specific statutory subsections of the FDCPA listed by Plaintiff above remain in the case and which ones do not; which sections GMBS believes were "effectively dismissed" and which ones were not.[2]

**GBL 349 and EIPA claims.**

---

[2] GMBS believes its position is neither vague, misrepresentative of the record, nor violative of this Court's Order.

2

Plaintiff's GBL 349 claims against GMBS and JD 34th were dismissed. Plaintiff's Exempt Income Protection Act claim, N.Y. Civil Practice Law and Rules § 5222-a(c)-(i), brought solely against JD 34th, were dismissed.

**Conversion claims.**

Plaintiff's claims for conversion, brought against GMBS and JD 34th, remain for the time being. The Parties cross-motions for summary judgment as to Plaintiff's claims of conversion were denied without prejudice. The Court could not resolve, on the existing summary judgment record, whether or not there was a restraint of a "specific sum" for purposes of conversion. The Court therefore allowed the Parties to re-open discovery as to the conversion issue and, if they wished, refile summary judgment papers as to that issue.

It is Defendant JD 34th position that the Court's failure to expressly dismiss the conversion claim against JD 34th is an error and was not intended by the Court. The Court mistakenly only opined as to the viability of the conversion claim as it related to GMBS. The Court only focused on whether GMBS "attempt[ed] to restrain funds they knew they had no legal basis to restrain because they knew at some point Plaintiff's bank contained all or mostly exempted funds." Decision At 35. Indeed, in order to maintain a conversion claim against JD, Plaintiff would need to show that JD participated in the conversion. However, the Court found as follows:

> Plaintiff cites no evidence in the record to support his claim that there was an actual or apparent principal-agent relationship when GMBS issued the information subpoenas and restraining orders on JD's behalf…However, **that JD never instructed GMBS to collect on the judgment it was unaware of on its behalf is dispositive here** and **Plaintiff does not offer any support for his theory that a client can be held liable for its attorney's actions when (a) the attorney was acting outside the scope of the agreement and (2) the client was unaware of such actions**. Indeed, **no one at GMBS ever informed JD that Wells Fargo had restrained Plaintiff's funds on its behalf**, nor did JD ever receive, or was otherwise made aware, that Plaintiff had sent GMBS an exemption form.

Decision at 41 (emphasis added).

On September 4, 2025, in connection with drafting this letter, Counsel for JD 34th emailed Plaintiff and sought Plaintiff's agreement to stipulate to the withdrawal of any conversion claim as against JD 34th as a result of the Court's factual and legal findings (which provisions above were sent to Plaintiff's counsel). In response counsel for Plaintiff wrote: "If the judge did not dismiss the claim I will not stipulate to dismiss it."[3]

For the reasons articulated by the Court above, it is JD 34th position that since the Court fond that when restraining the funds GMBS was not acting as JD 34th agent, JD 34th cannot be held liable in conversion for the unauthorized and unknown acts of GMBS.

---

[3] Plaintiff responds briefly that the characterization of JD is inaccurate and misleading, but in any event, immaterial to the function of this letter.

**Failure to join necessary party.**

The motion for summary judgment by JD 34th to dismiss Plaintiff's claims against it for failure to join a necessary party was denied.

**Indemnification.**

The Parties have a disagreement as to whether its cross-claim for indemnification against GMBS remains.

With regard to JD 34th's indemnification cross-claim it is Defendant JD 34th position that the court did not dismiss the indemnification claim but merely denied summary judgment on the indemnification claim. Indeed, the court ruled that since the claims against JD are dismissed "it is not clear if JD's crossclaim is now moot, particularly considering that its cross claim seeks indemnification only '[i]f JD suffers any damages or losses…'" This statement makes it clear that the Court was not sure whether JD 34th had any damages as a result of the fact that all claims, including the conversion claim, as against JD 34th were being dismissed. And, since JD 34th suffered damages in terms of legal fees as result of GMBS's unauthorized acts, if JD 34th is kept in the case it is JD 34th position that it will pursue its indemnification claim and thus that claim is not moot.

Regarding Defendant JD's cross-claim, it is GMBS's position that based upon the analysis set forth in the Memorandum's & Order dated March 31, 2025, (*see, pp. 41 - 42*)), this cross-claim is moot. JD had not, subsequent to this Court's Memorandum & Order, advised GMBS's that it views this conclusion differently. Moreover, GMBS agrees completely with JD's position that it is clear from the District Court's finding the fact that the District Court intended to dismiss JD from all claims, including the conversion claim, and that Plaintiff's continued pursuit of the conversion claim against JD, notwithstanding these findings, is frivolous.

Plaintiff's view differs from that as to GMBS as to indemnification and agrees with the conclusion of JD 34th as to this issue. Contrary to the reading of GMBS that "this cross-claim is moot," the Court actually wrote "*it is not clear* if JD's crossclaim is now moot…" *Id*. p. 42 (emphasis added). The court reasoned that there would first need to be a finding of liability against GMBS or JD 34th, "particularly considering that its cross claim seeks indemnification only "[i]f JD suffers any damages or losses as a result of the facts alleged in the Amended Complaint." *Id*. (citations to record omitted). The Court did not grant (of discuss) GMBS's motion to dismiss the cross-claim. *Id*. pp. 41, 42. Rather, the Order merely denied the *affirmative* summary motion of JD 34th "because JD has not shown that [the claim] is not moot." By Plaintiff's reading, this means that an affirmative ruling in favor of JD 34th is premature at this time. If later in the case liability is established as to GMBS or JD 34th, and JD 34th "suffers damages or losses" the Court would then consider whether JD 34th would prevail as to its indemnification claim.

The Parties thank the Court for its consideration.

Respectfully,

/s/

Ahmad Keshavarz

4

cc: all Parties via ECF

5