UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MARK FADLEVICH,

                                                Case No.: 1:19-cv-04227-NRM-MMH

                      Plaintiff,

       -against-

JD 34TH STREET REALTY LLC,
GUTMAN MINTZ BAKER & SONNENFELDT,
LLP, and ERIC KEILBACH

                      Defendants.
-----------------------------------------------------------------------X

**<u>PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR LEAVE TO AMEND HIS COMPLAINT</u>**

The Law Office of Ahmad Keshavarz
16 Court Street, 26th Floor
Brooklyn, NY 11241-1026
(718) 522-7900
*Counsel for Plaintiff Mark Fadlevich*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................... ii
A.  PRELIMINARY STATEMENT .................................................................................... 1
B.  PROCEDURAL HISTORY ............................................................................................ 2
C.  FACTUAL ALLEGATIONS ......................................................................................... 2
D.  LEGAL STANDARD ..................................................................................................... 3
E.  ARGUMENT .................................................................................................................. 4
   1.  Futility. ...................................................................................................................... 5
   2.  Undue delay. ............................................................................................................. 5
   3.  Prejudice. .................................................................................................................. 7
   4.  Bad faith. .................................................................................................................. 8
F.  CONCLUSION ............................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*Agerbrink v. Model Service LLC*, 155 F.Supp. 448, 452-54 (S.D.N.Y. 2016) ............................. 10
*Allah v. Juchnewioz*, 2003 WL 1535623 (S.D.N.Y. March 24, 2003) ........................................ 10
*Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). ................................................ 10
*Colnaghi, U.S.A. v. Jewelers Prot. Servs.*, 611 N.E.2d 282, 284 (N.Y. 1993) .............................. 8
*Crespo v. Gutman, Mintz, Baker & Sonnenfeldt, LLP*, 2025 WL 871637 at *9 (S.D.N.Y. 2025) 1, 7, 8
*Dawson v. Pelican Mgmt.*, 2012 WL 2357308 (E.D.N.Y. June 1, 2012)..................................... 10
*Hawkins-El v. First Am. Funding, LLC*, 891 F. Supp. 2d 402, 412 (E.D.N.Y. 2012).................... 9
*Heintz v. Jenkins,* 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995)................................. 9
*McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184 (2d Cir. 2007) .......................................... 10
*Miller v. United States ex rel. Miller*, 110 F.4th 533, 550 (2d Cir. 2024) ..................................... 6
*Richardson Greenshields Securities, Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987) .............. 7
*Rotter v. Leahy*, 93 F. Supp.2d 487, 496-97 (S.D.N.Y. 1990)...................................................... 12
*Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008)..................................................... 6
*Simon v. City of New York*, 2011 WL 317975 (E.D.N.Y. Jan. 3, 2011) ....................................... 10
*State Teachers Ret. Bd. V. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) ............................... 6, 9
*TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) ......................................... 6

**Statutes**

Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA")......................... 1, 11, 13

A.  **PRELIMINARY STATEMENT**

Defendants Gutman, Mintz, Baker & Sonnenfeldt LLP and Eric Keilbach (collectively "Gutman" or "GMBS") unlawfully restrained Plaintiff Mark Fadlevich's Social Security Disability funds, which are exempt from collection, garnishment, or restraint under both state and federal law, then refused to return the funds—and continued to restrain more exempt money through the propounding of additional restraints—for a period of over seven months despite receiving a series of packets from Mr. Fadlevich with documentary evidence conclusively demonstrating all of the funds in the account we restrained. As a result of Defendants' actions, Mr. Fadlevich lost access to his only source of income for the better part of a year, and experienced intense stress as a disabled person unable to work due to seizures, migraines, and back pain. Mr. Fadlevich brought this action alleging violations of the Fair Debt Collection Practices Act (FDCPA) and a variety of state law claims. After cross-motions for summary judgment on state law claims (but not on the FDCPA claims against Gutman), Plaintiff's FDCPA claims against Gutman remain. Plaintiff's conversion claim against Gutman and against the putative judgment creditor JD 34th remains for the moment, subject to further briefing after a limited scope of discovery as to the conversion claim.

Plaintiff seeks leave to amend his complaint to include a claim for gross negligence. Indeed, between the filing of the complaint and now, courts have continued to hold that the conduct alleged in this suit—the intentional misrepresentation by a debt collector of a consumer's legal rights, especially when buttressed by internal records questioning the legality of the collector's conduct—amounts to gross negligence. *See Crespo v. Gutman, Mintz, Baker & Sonnenfeldt, LLP*, 2025 WL 871637 at *9 (S.D.N.Y. 2025). For the reasons stated below, the Court should grant this application.

1

B.  PROCEDURAL HISTORY

On July 22, 2019, Plaintiff filed the Original Complaint in this action [DE #1]. On January 17, 2020 Plaintiff filed a motion to amend the original complaint [DE #38] to note that the restrained money was eventually released just prior to the filing of the Complaint. The application was granted on April 15, 2020 [DE #47], and the First Amended Complaint was filed on April 27, 2020. [DE #48]. On May 11, 2020 the Gutman Defendants filed a letter [DE # 50] admitting liability to an unspecified, unintentional violation of 15 U.S.C. § 1692e. On June 16, 2021, Plaintiff made a motion to amend the First Amended Complaint solely to note that Plaintiff was a resident of Alabama and invoking diversity jurisdiction [DE #59]. On October 19, 2021, Your Honor granted Plaintiff's motion, and on October 26, 2021, Plaintiff filed his Second Amended Complaint [DE #64]. On January 19, 2024 Parties moved for cross-motions for summary judgment as to state law claims only, and not as to FDCPA claims. On March 31, 2025, the Court issued an order denying Plaintiff's motion, granting the motion by Defendant JD 34th St. Realty LLC, and granting in part and denying in part without prejudice the Gutman Defendants' motion for summary judgment. The Court found the summary judgment record unclear as to the issue of whether money was removed from Mr. Fadlevich's account or just restrained, so the District Judge authorized a limited reopening of discovery to develop further facts regarding Plaintiff's conversion claim. [DE #135] The parties promptly agreed, requesting that the Court reopen discovery for a to further develop facts regarding the conversion claim. [DE #136]  The Court agreed to a 90 day extension for conversion discovery. No party has moved for summary judgment on the FDCPA claims.

C.  FACTUAL ALLEGATIONS

On August 19, 2016, Gutman entered a default judgment for Defendant JD 34th Realty

2

(the Landlord Defendant) for $13,785.00 in a rental arrears collection lawsuit against Mr. Fadlevich for an alleged breach of the residential lease. More than two years later, on or about November 16, 2018, Gutman issued a restraint on Mr. Fadlevich's Wells Fargo Bank account. Unfortunately, a few months later, Gutman garnished $23,839.89 from Mr. Fadlevich's account, although a fact question remains whether that amount was removed from the account or just restrained. The Social Security Act, 42 U.S.C. 407 states that no money paid or payable under the Act "shall be subject to execution, levy, attachment, garnishment, or other legal process." All the money in Mr. Fadlevich's Wells Fargo account came from exempt, direct-deposited Social Security payments (with the possible exception for two months of a few hundred dollars).

Beginning in December 2018 and continuing until the final release of his money more than seven months later in July 2019, Mr. Fadlevich communicated frequently with Gutman, as well as Wells Fargo and Marshal Moses, by email, mail, and telephone, attempting to relay the exempt status of the restrained funds and repeatedly providing various forms of proof of the same, including screenshots of direct deposits, copies of bank statements, and an executed Exemption Claim Form. In addition to numerous emails and telephone calls, Mr. Fadlevich sent four letters to Gutman detailing the exempt status of the funds and demanding their return. Despite Mr. Fadlevich's persistent efforts to get Gutman to follow the law, Gutman not only continued its initial restrained but issued additional restraints, causing the amount restrained to fluctuate over the months. From November 2018 to July 2019, Gutman restrained anywhere from $7,519.68 to $25,042.08 of exempt funds through multiple bank restraints despite four written notices with documentary evidence (e.g. bank statements) conclusively demonstrating the funds in the account were exempt.

### D. LEGAL STANDARD

3

Under Fed. R. Civ. P. 15(a)(1), "[a] party may amend its pleading once as a matter of course no later than . . . 21 days after serving it, or . . . 21 days after service of a responsive pleading or 21 days after service of a motion" to dismiss. Fed. R. Civ. P. 15(a)(2) continues: "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Here, because Defendants answered his Complaint more than 21 days ago, Mr. Fadlevich asks permission to file his TAC under Fed. R. Civ. P. 15(a)(2). While the text of the rule provides that leave should be "freely" given, "a district court may decline to grant such leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Miller v. United States ex rel. Miller*, 110 F.4th 533, 550 (2d Cir. 2024) (citing to *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (internal quotation marks omitted).

"Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (citing to *State Teachers Ret. Bd. V. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (internal quotation marks omitted). Courts routinely grant leave to amend pleadings that were filed three, four, or even five years earlier. *See Richardson Greenshields Securities, Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987) (collecting cases). That a party's request to amend would not "result in new problems of proof," and that no trial date has yet been set, are factors pointing to a lack of undue prejudice. *State Teachers Ret. Bd.*, 654 F.2d at 856.

### E.   ARGUMENT

A district court may decline to grant leave to amend, which is to be "freely" given, "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." Such good reason does not exist here, as Plaintiff's proposed amendment is not futile, not in bad

4

faith, not unduly delayed, and not unduly prejudicial to the opposing parties.

1. **Futility.**

Gutman's Opposition to Plaintiff's Letter for Pre-motion Conference does not challenge Plaintiff's application on the basis of futility. See Dkt. No. 140 ("Opposition") fn. 2, referencing Dkt. No. 137 (Plaintiff's Application), pp. 2, 3 (arguing amendment is not futile). Consequently the Court directed Plaintiff to address in the instant motion Defendants arguments of "undue delay, undue prejudice, and bad faith" in the Opposition. *See* September 8, 2025 ECF Order. Given the Court's directive, Plaintiff will only touch briefly on the futility issue and refers to his application for a more detailed discussion. Dkt. No, 137, pp. 2, 3.  Plaintiff's proposed amendment to his complaint is far from futile: it makes a claim for gross negligence in circumstances similar to those which were held to state a claim for gross negligence in *Crespo*. In *Crespo*, the court held that Gutman's allegedly intentional misrepresentations—in that case, Gutman's false representation that the only way to lift a bank restraint was to sign a release authorizing the collection of exempt funds—constituted sufficient grounds to state a claim for gross negligence, as did internal records questioning the legality of the defendants' conduct. *Id*. at * 9.

2. **Undue delay.**

Delay alone is an insufficient basis for denying a motion to amend, "absent a showing of bad faith or undue prejudice." *State Teachers Ret. Bd.* at 856. Nevertheless, undue delay is the primary argument made by Gutman in their letter opposition to Plaintiff's pre-motion letter, citing a line of cases which Gutman purports stand for the proposition that unduly delayed amendments may be denied. The cases cited, however, state, variously, that amendments are so unduly delayed as to justify denial of leave to amend where the new allegations in the proposed

5

amended complaint rely on facts already known to the plaintiff at the time of the filing of the previous complaint (*Allah v. Juchnewioz*, 2003 WL 1535623 (S.D.N.Y. March 24, 2003); *Dawson v. Pelican Mgmt.*, 2012 WL 2357308 (E.D.N.Y. June 1, 2012); *Simon v. City of New York*, 2011 WL 317975 (E.D.N.Y. Jan. 3, 2011)); that undue delay combined with other, independently sufficient grounds for denial of leave to amend (such as futility, which Gutman does not allege) counseled in favor of denial (*Allah*, *Simon* (futility); *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184 (2d Cir. 2007) (undue prejudice, by way of necessitating the reopening of previously concluded merits discovery, which Fadlevich is not seeking)); or that even if unduly delayed, the plaintiff's allegation of newly discovered facts prompting her amendment was sufficient to grant leave to amend (*Agerbrink v. Model Service LLC*, 155 F.Supp. 448, 452-54 (S.D.N.Y. 2016)).

In *Crespo*, a key factor for the Court in allowing the gross negligence and punitive damages question go to the jury was "that Crespo supplies *internal* GMBS records questioning the legality of their own conduct raises the triable inference that GMBS knew it was acting in disregard of Crespo's rights." *Crespo* at * 9 (record citation omitted, emphasis added). That approach (in a decision rendered only a few days before the summary judgment ruling in the case at bar), is new case law to gross negligence in the FDCPA context as far as the undersigned is aware. Obviously the internal records of Gutman as to Mr. Fadlevich could not be known to him when he filed suit and only could be learned through unfettered discovery in the instant action. Just as in *Crespo*, the Gutman internal records as to Mr. Fadlevich in the summary judgment evidence show Gutman "questioning the legality of their own conduct."

Gary Thigpen, a Gutman employee collecting on the account, noted Mr. Fadlevich's claimed exemption in Gutman's internal computer system as early as December 12, 2018,

6

making an entry noting Mr. Fadlevich's claim that the funds were exempt Social Security and also reading, in part, "WE MAY NEED TO RETURN." *See* Dkt. No. 122-10 pp. 10-12. On May 2, 2019, Gary Thigpen created an entry in GMBS's internal computer system confirming receipt of Mr. Fadlevich's proof—which at that point had been sent to GMBS numerous times through multiple channels—reading "RCVD LETTER FROM DEF MARK – PROVIDED PROOF THAT ALL FUNDS IN HIS ACCOUNT ARE EXEMPT SINCE THEY ARE FROM SOCIAL SECURITY – COPY OF DOCS TO ERIC TO REVIEW." *See id.* pp. 13. No later than May 2, 2019, Gutman had concluded what the evidence had shown for months: all of Mr. Fadlevich's restrained funds were exempt and therefore had to be returned immediately. And yet Gutman continued to restrain Mr. Fadlevich's funds until July 15, 2019, mere minutes the marshal who issued the levy to obtain the exempt funds from Wells Fargo has contacted him to inquire as to the restraint of the account of Mr. Fadlevich.

3. **Prejudice.**

"In determining what constitutes 'prejudice,' [the Second Circuit] consider[s] whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). Plaintiff will seek no additional discovery in connection with the amendment, and in any event the scope of discovery will not be significantly altered by the addition of a claim for gross negligence, as the additional claim arises from the same facts and involves the same parties. Because the addition of a claim for gross negligence rests on the same facts through summary judgment and involves the same parties as the existing claims in this action, and requires no additional discovery, it would not significantly

7

delay resolution of this dispute. Additionally, Plaintiff notes that Gutman's stated unwillingness to address futility at this stage, reserving such arguments for a future dispositive motion despite ample caselaw supporting denial of leave to amend for futility, undermines their insistence that amendment would be unduly prejudicial; preventing amendment, by successfully arguing that a claim for gross negligence would be futile, would make a dispositive motion unnecessary, saving Gutman the allegedly prejudicial time and expense of a motion to dismiss the gross negligence claim.

Gutman does not argue any of the *Block* elements except, under bad faith, they argue that if the amendment were granted they would need additional time for trial preparation (specifically "numerous" motions in limine) and the trial itself (because of "substantial" evidentiary issues) and, oddly, delay because they themselves would want to amend to implead Wells Fargo. Those arguments have no basis and are addressed in the bad faith section.

   4.   **Bad faith.**

The entirety of Gutman's argument as to bad faith rests on Gutman's misrepresentation of the record and case posture. The addition of a gross negligence claim is not an attempt to bring in new evidence or revive past claims, and Plaintiff strongly disagrees with Gutman's contention that FDCPA liability in an action alleging violations of various specific provisions of § 1692e *and* § 1692f has been resolved by the Gutman Defendants' vague and conclusory concession to an unspecified violation of § 1692e. Gutman has vaguely "conceded" liability under § 1692e (without specifying the conceded violation), but not § 1692f, and Plaintiff continues to press the issue of liability under specific subsections of § 1692e as well as under § 1692f, an independent prong of the FDCPA. See Dkt. No. 141.

Neither Plaintiff nor Gutman moved for summary judgment on Plaintiff's FDCPA claims.

8

As such, the Summary Judgment Order did not address the FDCPA claims, and those claims remain. Plaintiff has specifically alleged GMBS violated the following prohibitions of the FDCPA: 15 U.S.C. §§ 1692f, 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(3), 1692e(5), 1692e(8), 1692e(10), 1692f(1)), and 1692f(6)(C). *See* Plaintiff's Second Amended Complaint, Dkt. No. 64, ¶ 87 (delineating statutory violations).

Gutman claims that the addition of a gross negligence claim is an attempt to revive the issue of FDCPA liability. Gutman gives no explanation for this bare conclusion in its pre-motion conference opposition letter, such that any expansion of the argument would be a surprise justifying Plaintiff's filing a reply in support of his motion to amend. *See* September 8, 2025 ECF Order ("The Court may request a reply only if it deems it necessary."). At the risk of not being allowed a Reply, Plaintiff will assume that basis for the bad faith contention is Gutman's two sentences in the Joint Letter Regarding Remaining Claims, Dkt. No. 141, p.1 ¶ 4, specifically:

> It is the GMBS's position that as to Plaintiff's FDCPA claims that "remain," the only issues to be tried are Plaintiff's actual damages. GMBS conceded liability as to Plaintiff's §1692e claims, see, Minute Entry and Order dated October 19, 2021, and as a result discovery on Plaintiff's FDCPA claims was only permitted to proceed as to the sole issue to be tried pursuant to the FDCPA claims, i.e., "actual damages." This conclusion is clear from various District Court Orders issued, see, e.g., Dkt. ## 47 & 55, as well as any fair reading of the multitude of filings made by counsel addressing this concession of liability and its impact on the issues to be tried. See, e.g., Dkt # 59.

As stated in Plaintiff's section of the Joint Letter on this point, p. 1 (last paragraph) and p. 2, Gutman's assertions are inaccurate or simply untrue. The only district court order issued this case was the March 31, 2025 Summary Judgment Order (ECF No. 135). There are no "*District Court Orders issued, see, e.g.*, Dkt. ## 47 & 55." (emphasis added). The only orders referenced by Gutman are magistrate orders as to *discovery*, initially limiting the scope of discovery, and then removing that limitation. A magistrate has no authority to dismiss a claim on the merits. Only an Article III judge can do so, absent consent of all parties to proceed with all matters

9

before the magistrate, which is not the case here. In its Summary Judgment Reply, Gutman stated it was "operating under the impression" that, by way of their "concession of liability under 1692e," Dkt. No. 50, that Plaintiff's 1692f claim "was effectively dismissed." Dkt. No. 126, p. fn. 1. The Summary Judgment Order properly declined to address this contention, as no party moved for summary judgment on Plaintiff's FDCPA claims.

Consequently, Gutman's fear of the presentation of evidence at trial that its misconduct was intentional is something already part of Plaintiff's existing 1692f claim – at least until such time as the district court dismisses the claim. As to Wells Fargo, if Gutman believed that the conduct of Wells Fargo was the cause, in whole or in part of the damages inflicted onto Mr. Fadlevich, it could have impleaded them a long time ago. If they think it appropriate, they themselves can file an application to amend their answer to add a cross-claim and Your Honor could then rule upon it.

Lastly, on the subject of bad faith, Plaintiff notes that the quote from *Rotter v. Leahy* cited in Gutman Defendants' letter is misleadingly edited. *Rotter v. Leahy* did not find bad faith was reason to deny leave to amend; *Rotter v. Leahy* found bad faith counseled in favor of denying a defendant's motion for dismissal or judgment on the pleadings, and separately *granted* a different party leave to amend. *Rotter v. Leahy*, 93 F. Supp.2d 487, 496-97 (S.D.N.Y. 1990).

### F.    CONCLUSION

For these reasons, Mr. Fadlevich respectfully asks this Court to grant his Motion for Leave to Amend, and for such other and further relief as this Court deems appropriate.

Dated:  Brooklyn, New York
         September 22, 2025

10

Respectfully submitted,
/s/
Ahmad Keshavarz
The Law Office of Ahmad Keshavarz
16 Court St., Suite 2600
Brooklyn, NY 11241-1026
Phone: (718) 522-7900
Fax:     (877) 496-7809
Email: ahmad@NewYorkConsumerAttorney.com