UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MARK FADLEVICH,

                                                        Case No.: 19-CV-04227

                        Plaintiff,

        -against-

JD 34TH STREET REALTY LLC, GUTMAN, MINTZ,
BAKER & SONNENFELDT, LLP, and ERIC
KEILBACH,

                        Defendants.

-------------------------------------------------------------------X


**THE GUTMAN DEFENDANTS' MEMORANDUM OF LAW OF LAW IN OPPOSITION TO PLAINTIFF'S POST SUMMARY JUDGMENT MOTION FOR LEAVE TO AMEND HIS SECOND AMENDED COMPLAINT**

## TABLE OF CONTENTS

 **Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................................... 1

   POINT I PLAINTIFF'S REQUEST FOR LEAVE TO AMEND SHOULD
   BE DENIED ............................................................................................................................. 1

      A.   Plaintiff Has Exercised Undue Delay In Seeking This Amendment .............................. 3

      B.   The Gutman Defendants Will Be Unduly Prejudiced If Plaintiff Is Granted
           Leave To Amend ...................................................................................................... 6

      C.   Plaintiff's Motion For Leave To Amend Is Made In Bad Faith ................................... 9

CONCLUSION ............................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alexsam, Inc. v. Mastercard Int'l Inc.*,
  2021 WL 54056 (E.D.N.Y. Jan. 6, 2021) ................................................................................2

*Allah v. Juchnewioz*,
  2003 WL 1535623 (S.D.N.Y. Mar. 24, 2003) .........................................................................4

*Barclay v. Deko Lounge*,
  2014 WL 198317 (E.D.N.Y. Jan. 14, 2014) ............................................................................7

*City Of Birmingham v. Ryanair Holdings PLC*,
  2022 WL 4377898 (S.D.N.Y. Sept. 22, 2022) ........................................................................9

*Coggins v. Cty. Of Nassau*,
  254 F.Supp.3d 500 (E.D.N.Y. 2017) ......................................................................................7

*Dalewitz v. P & G*,
  2025 WL 764023 (S.D.N.Y. Mar. 11, 2025) ..........................................................................9

*Dawson v. Pelican Mgmt.*,
  2012 WL 2357308 (E.D.N.Y. June 1, 2012) ..........................................................................3

*Instinet Inc., v. Ariel (UK) Ltd.*,
  2011 WL 4444086 (S.D.N.Y. 2017).......................................................................................7

*Julian v. Only What You Need, Inc.*,
  2025 WL 278932 (S.D.N.Y. Jan. 23, 2025) ........................................................................... 1

*Lee v. Regal Cruises, Ltd.*,
  916 F.Supp. 300 (S.D.N.Y. 1996) ..........................................................................................9

*McCarthy v. Dun & Bradstreet Corp.*,
  482 F.3d 184 (2d Cir. 2007)....................................................................................................3

*Oliver v. Am. Express Co.*,
  2023 WL 4471937 (E.D.N.Y. Jul 11, 2023) ...........................................................................9

*Perpall v. Pavetek Corp.*,
  2018 WL 2390123 (E.D.N.Y. May 25, 2018) ....................................................................4, 6

*Prophete v. Acevedo-Smith*,
  2025 WL 1070228 (E.D.N.Y. Apr. 9, 2025) ..........................................................................6

*Rowe Plastic Surgery Of N.J., LLC v. Aetna Health & Life Ins. Co.*,
  2025 WL 1004730 (S.D.N.Y Apr. 2, 2025) ................................................................................1

*Soley v. Cty. Of Nassau*,
  2021 WL 1554834 (E.D.N.Y. Apr. 20, 2021) .......................................................................6, 7

*Sussman Sales Co. v. VWR Int'l, LLC*,
  2021 WL 6065760 (S.D.N.Y. Dec. 21, 2021) ...........................................................................9

*Urena v. Wolfson*,
  2011 WL 7439005 (E.D.N.Y. Aug. 24, 2011) ...........................................................................4

*West v. Goodyear Tire & Rubber Co.*,
  973 F. Supp. 385 (S.D.N.Y. 1997) ............................................................................................ 1

*Yurman Design, Inc. v. Chaindon Enters.*,
  2001 WL 725291 (S.D.N.Y. June 26, 2001) .........................................................................4, 8

*Zsa Zsa Jewels, Inc. v. BMW Of N.A. LLC*,
  2020 WL 3403116 (E.D.N.Y. June 18, 2020) ...........................................................................3

## PRELIMINARY STATEMENT

Plaintiff's motion for leave to add claims sounding in common law negligence,[1] made over **six years** after the commencement of this action, over **five years** after becoming aware of the purported facts from "internal Gutman records" underlying the proposed amendment, over **two years** after the close of discovery, over **one year** after motions for partial summary judgment motions were filed by all parties, and **six months** after this Court's decision on those motions, is extraordinarily and unjustifiably delayed. Further, Plaintiff's proposed amendment, made only after this Court, *inter alia*, dismissed Plaintiff's GBL §349 claim, smacks of "bad faith," and will be prejudicial to the Gutman Defendants if granted.[2]

## POINT I
## PLAINTIFF'S REQUEST FOR LEAVE TO AMEND SHOULD BE DENIED

"It is within the trial court's discretion to grant or deny leave to amend under Rule 15(a)(2)." *Rowe Plastic Surgery Of N.J., LLC v. Aetna Health & Life Ins. Co.*, 2025 WL 1004730, *1 (S.D.N.Y Apr. 2, 2025). "A court may deny leave to amend for 'good reason,' which normally involves an analysis of the following four factors: undue delay, bad faith, futility of amendment, or undue prejudice to the opposing party." *Id.* (Citation omitted).

---

[1] The Gutman Defendants are confused by what new claims(s) Plaintiff specifically seeks to add through amendment. In his Memorandum of Law, Plaintiff posits that he only "seeks leave to amend his complaint to include a claim for gross negligence," *see, Dkt. # 142, at p. 1,* whereas in his proposed amended complaint, he adds a negligence *per se* claim as well. *See, Dkt. # 142- 1, at p. 1.*

[2] The Gutman Defendants will not address futility, believing it more appropriate, given the nature of claims sought to be added, as well as the ten-page page limit and focus sought by this Court, *see, Order Dated September 8, 2025* ("Plaintiff is respectfully directed to address Defendants' arguments that the motion for leave to amend should be denied because of undue delay, undue prejudice, and bad faith"), to address the viability of these claims on a dispositive motion. *See, e.g., Julian v. Only What You Need, Inc.,* 2025 WL 278932, *2 (S.D.N.Y. Jan. 23, 2025). However, should leave be granted, the Gutman Defendants will move to dismiss and/or for summary judgment on Plaintiff's gross negligence claim, contending that no facts pled and/or undisputed represent "conduct that is 'highly unreasonable and which represents an extreme departure from the standards of ordinary care … [,]*Minda v. United States*, 851 F.3d 231, 238 (2d Cir. 2017) (internal quotation omitted), and evidencing a "high degree of moral culpability," *West v. Goodyear Tire & Rubber Co.,* 973 F. Supp. 385, 387 (S.D.N.Y. 1997).

1

Critically, "[t]he Second Circuit has recognized that it is not an abuse of discretion for a district court to deny a motion for leave to amend the complaint based upon a party's attempt to 'steer a new course' following an adverse decision by the court." *Alexsam, Inc. v. Mastercard Int'l Inc.*, 2021 WL 54056, *2 (E.D.N.Y. Jan. 6, 2021) (citing *Arrowood Indemn. Co., King*, 699 F.3d 735, 742 (2d Cir. 2012)). Indeed, as emphasized by the Second Circuit in *Arrowood*:

> [e]ither by strategy or happenstance, Appellants did not act until after the summary judgment motions had been decided adversely to them. Then, with the legal mine field mapped in the district court's decision, Appellants sought leave to steer a new course hoping to snatch away the victors' success. Denial of additional time to amend in those circumstances was hardly an abuse of the discretion … [.]

*Arrowood*, 699 F.3d, at 742.

The *Arrowood* scenario is precisely what is presented by Plaintiff's motion. Plaintiff, (through counsel), was fully knowledgeable at the time of the commencement of this action that a gross negligence claim for relief was viable in the FDCPA/debt collection context. Similarly, Plaintiff for many years prior to this Court's decision on the parties' respective motions for partial summary judgment, possessed knowledge, through discovery, of purported facts now relied upon to support his gross negligence claim.

However, it was not until six months after this Court dismissed Plaintiff's General Business Law §349 claim, as well as effectively raising doubt about the viability of his conversion claim, that Plaintiff changed course. Realizing that both his opportunity to try the entire merits of his case, (as opposed to just his actual damages by virtue of the Gutman Defendants' concession of liability under FDCPA § 1692e),[3] and to recover punitive damages was roadblocked by this Court's decision, Plaintiff now seeks to add the only claim that will accomplish both – a gross negligence claim.

---

[3] *See, Order Dated October 19, 2021.*

2

However, "Plaintiff offers no compelling justification for why [he] had to wait until now to pursue this new [theory of relief]." *Zsa Zsa Jewels, Inc. v. BMW Of N.A. LLC*, 2020 WL 3403116, *2 (E.D.N.Y. June 18, 2020). Accordingly, as will be further addressed below, "good reason" for denial of Plaintiff's motion for leave to amend is abundant.

**A.    Plaintiff Has Exercised Undue Delay In Seeking This Amendment**

Plaintiff filed this action on **July 22, 2019**. *See, Dkt. # 1*. On **November 14, 2019,** Plaintiff produced 257 pages, including "*internal* Gutman records" authored by Mr. Gary Thigpen. *See, Dkt. # 35*.[4] Mr. Thigpen was deposed in **April 2023**.

Fact discovery, (except as to financial discovery[5]) closed on **July 7, 2023**. *See, Order Dated April 13, 2023*.[6] Approximately six months later, on **January 19, 2024,** the parties filed their respective motions for partial summary judgment. *See, Dkt. ## 111 - 132*. Over fourteen months later, on **March 31, 2025**, this Court rendered its decision on the parties' respective motions for summary judgment. *See, Dkt. # 135*. Six months later, on **August 21, 2025,** Plaintiff sought leave to amend his operative pleading for the third time. *See, Dkt # 137*.

"This constitutes undue delay." *Dawson v. Pelican Mgmt.*, 2012 WL 2357308, *3 (E.D.N.Y. June 1, 2012) (citing *Simon v. City of New York,* 2011 WL 317975, *21 (E.D.N.Y. Jan. 3, 2011)) (finding undue delay where plaintiff "waited one year after filing her original complaint . . . and only five days before discovery was set to close, to seek leave to amend the complaint a second time"); *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir.

---

[4] Plaintiff references a December 12, 2018 internal communication from Mr. Thigpen, wherein he writes concerning Plaintiff's restrained funds -- "WE MAY NEED TO RETURN." *See, Pl. Mem. Of Law, at pp. 6 – 7*. Critically, part of Gutman's production on **November 19, 2019** was an e-mail from Mr. Thigpen to the City Marshal and Defendant Keilbach, stating as follows:

> Ira The Defendant received Social Security (lump Sum) I just obtained proof today – Please put and $ received from Wells Fargo on hold – Request attorney review – **We may need to refund the dollars.** Thanks.

*See, Dkt. # 35 – 2* (GM – 00006) (emphasis added).

[5] *See, Order Dated July 7, 2023.*

[6] Discovery was re-opened at the Court's invitation on the conversion claim. *See, Dkt. # 135.*

3

2007) (no abuse of discretion in denying motion to amend where "discovery had closed, defendants had filed for summary judgment, and nearly two years had passed since the filing of the original complaint"); *Urena v. Wolfson,* 2011 WL 7439005, *5 (E.D.N.Y. Aug. 24, 2011) ("undue delay" found where leave sought "almost two and a half years after the commencement of the action, over a year and a half after the close of discovery, and seven months after the Court decided defendants' motions for summary judgment"); *Yurman Design, Inc. v. Chaindon Enters.*, 2001 WL 725291, *5 (S.D.N.Y. June 26, 2001) ("[i]t would be well within the Court's discretion to deny leave to amend" where "original Complaint was filed seventeen months before Plaintiff filed this motion to amend, and discovery in this case was closed for most purposes … almost two months before [the] motion [for leave] was filed").

When, as is unquestionably the case herein, a "considerable period of time has passed between the filing of the complaint and the motion to amend, courts have placed the burden upon the movant to show some valid reason for his neglect and delay." *Perpall v. Pavetek Corp.*, 2018 WL 2390123, *2 (E.D.N.Y. May 25, 2018) (quoting *Sanders v. Thrall Car Mfg. Co.,* 582 F.Supp. 945, 952 (S.D.N.Y. 1983) *aff'd*, 730 F.2d 910 (2d Cir. 1984)). Critically, "[a]n unexplained six-year delay counsels heavily against granting leave to amend." *Allah v. Juchnewioz*, 2003 WL 1535623, *4 (S.D.N.Y. Mar. 24, 2003) (citation omitted).

Plaintiff presents no credible explanation for any of his many delays in seeking leave to add claims sounding in common law negligence. Plaintiff's weak and desperate attempt at justifying his multiple failures singularly revolves around the decision by the United States District Court for the Southern District of New York in *Crespo v. Gutman, Mintz, Baker & Sonnenfeldt, LLP et al*, Index No. 22–cv–6599, where summary judgment was denied to the Gutman Defendants on Plaintiff's gross negligence claim. *See, Pl. Mem. Of Law, at p. 5.*

4

Without any substantive analysis, legal or otherwise, Plaintiff self-servingly contends that Crespo "is new case law to gross negligence in the FDCPA context … [.]"[7] *Id.*

Plaintiff is wrong. The District Court in *Crespo* neither found for the first time that a gross negligence claim in the debt collection FDCPA context was viable, nor broke <u>any</u> new legal ground concerning what evidence could be presented to support such a claim.

There is no dispute that at the time of Plaintiff's filing of his Complaint, a gross negligence claim could be raised in the debt collection FDCPA context. Plaintiff does not contend otherwise. In fact, both **before** and relatively shortly **after** Plaintiff filed this action, Plaintiff's counsel had asserted gross negligence claims under New York common law on behalf of his respective clients in the debt collection/FDCPA context. *See, e.g., Calixto v. Balsamo & Rosenblatt, P.C.,* 18-cv-04675; *Franklin v. Cona Elder Law, PLLC,* 21-cv-04810; *Franklin v. Cona Elder Law, PLLC,* 21-cv-51760; *Texidor v. Tromberg*, 21-cv-4845; *Onfroy v. Law Offs. Of Geoffrey Mott, P.C.,* 22-cv-4845. Notably, Plaintiff's counsel has failed to explain why he asserted a gross negligence claim against **the Gutman Defendants** in *Crespo* in 2022, <u>after receipt of Gutman internal records</u>, yet failed on behalf of Mr. Fadlevich to seek leave at that time to add a gross negligence claim!

Likewise, the Southern District in *Crespo* did not break any new ground, as Plaintiff contends, regarding what possible evidence supports a gross negligence claim.[8] Judge Oetken simply held that certain evidence presented by Mr. Crespo, *e.g.*, internal Gutman documentation,[9] raised an issue of fact for the jury to consider as to Plaintiff's gross negligence

---

[7] Indeed, Plaintiff's proclamation of "new case law" is based upon nothing other than his counsel's hopeful, but unresearched, speculation ("as far as the undersigned is aware"). *Id.*

[8] Judge Oetken's opinion in *Crespo* does not remotely suggest that he thought he was creating any new law. In fact, Plaintiff points to no briefing in *Crespo* where either party suggested that any issue presented to the Court for adjudication on his gross negligence claim was either novel or unresolved.

[9] Reliance by a Plaintiff on "*internal* GMBS records'" *see, Pl. Mem. Of Law, at 6,* to establish negligent conduct in the context of alleged improper debt collection conduct is not at all surprising. In fact, given the conduct required to be presented on a gross negligent claim, it is highly doubtful that such a claim in

5

claim, thereby precluding summary judgment. The *Crespo* opinion provides absolutely no basis to explain (or justify), Plaintiff's egregious delay.[10]

**B.     The Gutman Defendants Will Be Unduly Prejudiced If Plaintiff Is Granted Leave To Amend**

"Courts may also infer prejudice where [as here] there is a lengthy, unexplained delay." (brackets added). *Soley v. Cty. Of Nassau*, 2021 WL 1554834, *5 (E.D.N.Y. Apr. 20, 2021). In this regard, "the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Prophete v. Acevedo-Smith*, 2025 WL 1070228, *4 (E.D.N.Y. Apr. 9, 2025) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (citation omitted)). "Prejudice against defendants tends to increase with delay in filing an amended complaint, and granting a motion to amend is 'especially prejudicial' when discovery has already been completed." *Perpall, supra at *3* (citation omitted). The Gutman Defendants respectfully submit that there is no better example of when prejudice should be inferred, than Plaintiff's six-year, inexplicable delay in seeking leave to add the claims at issue.

Even without an inference, "'[i]n gauging prejudice' the Court must 'consider, among other factors, whether an amendment would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute.'" *Soley v. Cty. Of Nassau*, 2021 WL 1554834, *5 (E.D.N.Y. Apr. 20, 2021) (internal quotation omitted). Indeed, "[c]ourts in this Circuit have repeatedly found that a proposed amendment will prejudice the nonmoving party where it would require the court to reopen discovery." *Prophete, supra, at *4* (quoting *Coggins v. Cty. Of Nassau*, 254 F.Supp.3d

---

the debt collection context could ever be maintained without evidence of a defendant's "internal" records and/or communications.

[10] Plaintiff also asserts that "[j]ust as in *Crespo*, the internal records as to Fadlevich … show Gutman 'questioning the legality of their own conduct," *see, Pl. Mem. Of Law, at 6,* and that "[o]bviously the internal records of Gutman … could not be known to him when he filed suit and could only be learned through … discovery … [.]" *Id.* Given this comparison to *Crespo*, it is notable that Plaintiff's counsel failed to explain why he asserted a gross negligence claim **"in the blind"** in *Crespo*, prior to any discovery, but did not do so in this action.

6

500, 508 (E.D.N.Y. 2017)); *see also, e.g., Instinet Inc., v. Ariel (UK) Ltd.*, 2011 WL 4444086, *3 (S.D.N.Y. 2017) ("permitting Ariel to amend at this late juncture would result in substantial prejudice to Instinet, as it would require the reopening of discovery and further delay the resolution of this lawsuit").

Further, courts have found prejudice "resulting from a delay when that delay has either rendered witnesses unavailable or caused their memories of the relevant events to fade." *Coggins*, 254 F.Supp.3d, at 508. Additionally, prejudice can be found where the amendment would "require the opponent to expend significant additional resources to … prepare for trial." *Barclay v. Deko Lounge*, 2014 WL 198317, *2 (E.D.N.Y. Jan. 14, 2014) (quotation omitted). Undue prejudice also occurs when the amendment would "force parties to litigate new theories of the case." *Soley, supra at *5* (citation omitted).

Prejudice against the Gutman Defendants is everywhere. First, "forcing [the Gutman Defendants] to litigate new theories of the case," will most assuredly delay resolution of this now over six-year-old action. Even if discovery is not re-opened on Plaintiff's new claims, the Gutman Defendants will move under Rule 12(b)(6) and/or Rule 56 for dismissal. Given, *inter alia*, that on December 12, 2018, Mr. Thigpen "request[ed] attorney review" and noted that "[w]e may need to refund the dollars," *see, Dkt. # 35-2 (GM – 00006),* that the Gutman Defendants were advised by the City Marshall on December 18, 2018 that Plaintiff's funds were "released since funds were exempt," *see, Dkt. # 35-3 (GM – 00015)*, and that Defendant Keilbach advised Wells Fargo on July 17, 2019 to "release the restraint placed on [Plaintiff's] account," *see, Dkt. # 35-7 (GM – 00205)*, immediately upon being contacted by Plaintiff's counsel, the Gutman Defendants believe they have a very strong argument that as a matter of law, they did not engage in conduct evincing the required "high degree of moral culpability."

Second, if leave is granted, the Gutman Defendants will seek to reopen discovery. The Gutman Defendants will seek to re-depose Plaintiff, focusing more acutely on his possible

7

contributory negligence, (both before and after he retained counsel), in failing to follow-up on any of his alleged 2019 letters to Defendant Gutman. *See, Yurman, supra, at \*3* ("civil defendants are not required to conduct discovery with an eye towards defending against all possible legal actions that might be brought against them based on the facts in the Complaint"). They will also seek the production of documents from and the depositions of representatives of Wells Fargo Bank concerning, *inter alia*, what the Gutman Defendants believe was their negligence in restraining exempt funds in 2018 and throughout 2019.[11] In this regard, the Gutman Defendants would likely be prejudiced by the fact that after six years, the appropriate Wells Fargo representatives will not be found or, if found, their memories will have faded.

Third, the Gutman Defendants will, unless time-barred, seek to implead Wells Fargo as a third-party Defendant, asserting all appropriate claims against them based upon their negligent conduct concerning restraining Plaintiff's funds.[12] This would further delay the resolution of this action, as well as substantially increasing the litigation-related costs to the Gutman Defendants, further prejudicing them.

Fourth, if these claims are added, preparation for the trial, as well as the trial itself, will substantially increase. Given Plaintiff's concession of liability as to Plaintiff's FDCPA §1692e claims, the only issue to be tried concerning Plaintiff's FDCPA claims is his "actual damages."[13] If the proposed amendment is granted, liability will now effectively be tried. If this occurs, the evidentiary issues presented will be substantial, requiring significantly more trial preparation, including the filing of and opposition to numerous pre-trial motions *in limine*.[14]

---

[11] The Gutman Defendants would also likely depose City Marshal Ira Moses as to his interactions with both the Gutman Defendants, and with Wells Fargo.

[12] If the Gutman Defendants' claims are time barred, then this would be a direct result of Plaintiff's six-year delay in bringing his negligence-based claims, further evidencing prejudice.

[13] Even if Plaintiff's conversion claim survives summary judgment, the evidentiary issues for trial will be narrow.

[14] As just one of many examples, as a basis for his new claims, Plaintiff proffers numerous allegations concerning the Gutman Defendants' purported conduct in *Crespo*. *See*, Dkt. #142-1, at ¶¶ 124 – 128. If

8

Last, had Plaintiff pled his negligence claims originally, the Gutman Defendants would likely have changed their legal strategy and not conceded liability on Plaintiff's FDCPA §1692e claim, which they did not do in *Crespo*, where Plaintiff in that case did allege negligence and gross negligence claims. *See, e.g., Oliver v. Am. Express Co.,* 2023 WL 4471937, *9 (E.D.N.Y. Jul 11, 2023) (belated amendment would render Defendants' legal strategy "nugatory").

C.    **Plaintiff's Motion For Leave To Amend Is Made In Bad Faith**

"The **possibility** of bad faith is, in and of itself, reason to deny" a motion for leave to amend." *City Of Birmingham v. Ryanair Holdings PLC,* 2022 WL 4377898, *2 (S.D.N.Y. Sept. 22, 2022) (quoting *Rotter v. Leahy*, 93 F. Supp. 2d 487, 496 (S.D.N.Y. 2000) (emphasis added)). "While not much case law exists in this Circuit about what constitutes bad faith for the purpose of denying a motion for leave to amend a pleading, a finding that a party seeking leave to amend solely to gain a tactical advantage supports a finding that such an amendment is made in bad faith." *Dalewitz v. P & G*, 2025 WL 764023, * 9 (S.D.N.Y. Mar. 11, 2025) (quotation omitted). Indeed, "[a] court may make a finding of 'bad faith' for Rule 15(a) purposes where a party waited to see 'how [it] would fare on the prior motion to dismiss' before seeking leave to amend." *Sussman Sales Co. v. VWR Int'l, LLC*, 2021 WL 6065760, *8 (S.D.N.Y. Dec. 21, 2021) (quoting *In re Gen. Elec. Co. Sec. Litig.*, 2012 WL 2892376, *4 (S.D.N.Y. July 12, 2012)) (finding bad faith where "a party 'has had an opportunity to assert the amendment earlier, but has waited until after judgment before requesting leave'"); *see, also, Lee v. Regal Cruises, Ltd.*, 916 F.Supp. 300, 303-04 (S.D.N.Y. 1996) (concluding that plaintiff's delayed effort to bolster her case with new facts and legal theories after defendant moved for summary judgment, "demonstrat[ed] that Plaintiffs were in serious danger of losing the case," evinced bad faith, and provided a sufficient basis for denying leave to amend).

---

Plaintiff can add these new claims, there will undoubtedly be extensive and expensive pre-trial motion practice concerning the admissibility of alleged conduct by the Gutman Defendants in *Crespo*.

9

Plaintiff's intended motion evinces bad faith. Plaintiff's counsel has been aware for many years, and the numerous docket filings so reflect this intent, that only actual damages, and not liability, would be tried on Plaintiff's FDCPA claims. *See, e.g., Dkt. # 47 (at pp. 9 – 12, 15), # 55 (at pp. 2 – 4, 5 -6, 10), Order Dated October 19, 2021, Order Dated November 17, 2021, and Order Dated August 23, 2022.* Plaintiff's counsel had obviously expected that evidence as to liability, (which he undoubtedly believes will bias the jury on damages), would come in through Plaintiff's GBL §349 claim. Indeed, for this reason, discovery on Plaintiff's FDCPA claims was only permitted as to Plaintiff's "actual damages." When that claim was dismissed on summary judgment, (as the Gutman Defendants were always confident it would), Plaintiff's counsel clearly realized that the only way such evidence could now come in would be under a common law negligence theory of liability. This pattern evinces bad faith.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for leave to amend to add state law claims of gross negligence and negligence *per se* state law must be denied.

Dated: October 6, 2025

> Respectfully submitted,
> RIVKIN RADLER LLP
> Attorneys for Defendants
> **GUTMAN, MINTZ, BAKER &**
> **SONNENFELDT, LLP and ERIC KEILBACH**
> By:   /s/
> KENNETH A. NOVIKOFF (KAN – 0350)
> 926 RXR Plaza
> Uniondale, New York  11556-0926

4913-5240-5351, v. 1