UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
MARK FADLEVICH,

                Plaintiff,

  -against-

JD 34ᵀᴴ STREET REALTY LLC, GUTMAN, MINTZ, BAKER & SONNENFELDT, LLP, and ERIC KEILBACH,

                Defendants.

------------------------------------------------------------- x

No. 1:19-cv-04227-NRM-MMH

**ORAL ARGUMENT REQUESTED**


# DEFENDANT JD 34th STREET REALTY LLC'S
# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION
# FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT

HERRICK, FEINSTEIN LLP

Arthur G. Jakoby, Esq.
Two Park Avenue
New York, New York 10016
212-592-1400
*Attorneys for Defendant JD 34th Street Realty LLC*

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

ARGUMENT ........................................................................................................................... 1

    A.    The EIPA Claim Was Dismissed by This Court, Yet Plaintiff Reasserts the Identical Dismissed Claim in the Proposed 3rd Amended Complaint .................... 1

    B.    The Conversion Claim Completely Lacks Factual and Legal Support ................. 3

CONCLUSION ...................................................................................................... 5

# TABLE OF AUTHORITIES

**Page**

### Federal Cases

*Colavito v. New York Organ Donor Network, Inc.*,
   8 N.Y.3d 43 (2006)……………………………………………………………….. 3

*Miller v. United States ex rel. Miller*, 110 F.4th 533 (2d Cir. 2024)…………………….. 1

*Revellino & Byczek, LLP v. Port Authority of NY & NJ*, 682 Fed.Appx. 73 (2d Cir. Mar. 15, 2017)……………………………………………………………………... 5

*Rowe Plastic Surgery Of N.J., LLC v. Aetna Health & Life Ins. Co.*, 2025 WL 1004730, (S.D.N.Y Apr. 2, 2025)……………………………………………………………... 1

*Tenay v. Culinary Teacher's Ass'n of Hyde Park, N.Y. Inc.*, 223 F.R.D. 483 (SDNY 2005)…………………………………………………………………….. 5

### State Cases

*Berkovitz v. Berkovitz*,
   190 A.D.3d 911 (2nd Dep't 2021)…………………………………………………….. 3

### Statutes

Fed. R. Civ. P. 15(a)(2)……………………………………………………………………… 1

Defendant JD 34th Street Realty LLC ("JD") respectfully submits this memorandum of law in opposition to Plaintiff's Motion for Leave to file a Third Amended Complaint (Dkt 142-1) (the "Proposed 3rd Amended Complaint").

Although Fed. R. Civ. P. 15(a)(2) provides that leave to amend a complaint should be "freely" given, "a district court may decline to grant such leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Miller v. United States ex rel. Miller*, 110 F.4th 533, 550 (2d Cir. 2024). "A court may deny leave to amend for 'good reason,' which normally involves an analysis of the following four factors: undue delay, bad faith, futility of amendment, or undue prejudice to the opposing party." *Rowe Plastic Surgery Of N.J., LLC v. Aetna Health & Life Ins. Co.*, 2025 WL 1004730, *1 (S.D.N.Y Apr. 2, 2025).

As demonstrated below, Plaintiff's relentless pursuit of a party which Plaintiff and his counsel know was not Plaintiff's landlord at the time when his account was frozen and a party which had no knowledge that GMBS was acting on its behalf, is not only the pursuit of futile claims, but clearly the pursuit of claims brought in bad faith. Accordingly, the Court should not permit the filing of the Proposed 3rd Amended Complaint so long as it has claims against JD.

## ARGUMENT

### A. The EIPA Claim Was Dismissed by This Court, Yet Plaintiff Reasserts the Identical Dismissed Claim in the Proposed 3rd Amended Complaint

With respect to the EIPA claim against JD, the Court, in its summary judgement decision, found as follows:

> …given the lack of an agent principal relationship at the time when GMBS was collecting on the incorrectly labeled judgment, JD cannot be held liable for the alleged violations of NYCPL

>   §5222-a(c)(4). **The Court grants JD's motion for summary judgment on Plaintiff's EIPA claim**.[1]

Decision at 41.

Plaintiff's counsel is well aware that JD was not Plaintiff's landlord and that he sued the wrong party. Indeed, the Court found that "GMBS was collecting on the **incorrectly labeled judgment**." (emphasis added). And, not only did JD allege in its Answer (Dkt. 51, ¶¶ 16 & 17) that it was the wrong party but GMBS partner Eric Keilbach testified that:

> "when we opened the case originally, we had it, like I said, as JE. The only time that we would have been – become aware was when the judgment came back from court, when our court runner got the judgment, and that's when we – again, [in] a perfect world – would have, hopefully, noticed that it said – happened to say JD instead of JE….It was one letter off, one letter. Everything else was exactly the same. So you want to kill me for missing that it was a D instead of an E? Fine, another – you know. **Another mistake I made**. But I don't think many people would have caught that since everything else was the same."

Jakoby Decl., Ex. D (Keilbach Tr. (Dkt. 113-8)) at 157:23-158:15. (emphasis added).

Yet, without any new facts or revised allegations, Plaintiff inexplicably and in bad faith sets forth an identical EIPA claim in his Proposed 3rd Amended Complaint. Thus, there is no possibility that Plaintiff will survive a motion to dismiss and the Court should not permit Plaintiff to proceed with a motion to amend a complaint which contains a demonstrated frivolous EIPA claim against JD.

---

[1] Similarly, even though the Court dismissed the GBL §349 claims against JD (Decision at 30), Plaintiff's Proposed 3rd Amended Complaint includes, in Count 2 on page 15, alleged violation of GBL §349 "AGAINST ALL DEFENDANTS." JD will seek dismissal of such claims as they too frivolously ignore this Court's Decision's factual findings and legal conclusions.

2

### B. The Conversion Claim Completely Lacks Factual and Legal Support

Plaintiff's counsel's attempt to plead a conversion claim (Proposed 3rd Amended Complaint ¶¶ 109 – 117), is equally frivolous and futile. This Court has found—*and thus it is law of the case*—that:

> Plaintiff cites no evidence in the record to support his claim that there was an actual or apparent principal-agent relationship when GMBS issued the information subpoenas and restraining orders on JD's behalf…However, **that JD never instructed GMBS to collect on the judgment it was unaware of on its behalf is dispositive here** and **Plaintiff does not offer any support for his theory that a client can be held liable for its attorney's actions when (a) the attorney was acting outside the scope of the agreement and (2) the client was unaware of such actions**. Indeed, **no one at GMBS ever informed JD that Wells Fargo had restrained Plaintiff's funds on its behalf**, nor did JD ever receive, or was otherwise made aware, that Plaintiff had sent GMBS an exemption form.

Decision at 41 (emphasis added).

Conversion is a tort that "takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession." *Colavito v. New York Organ Donor Network, Inc.*, 8 N.Y.3d 43, 49-50 (2006) (citation omitted). "In order to establish a cause of action to recover damages for conversion, [a] plaintiff must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion over the thing in question to the exclusion of the plaintiff's rights." *Berkovitz v. Berkovitz,* 190 A.D.3d 911 (2nd Dep't 2021) (citations and internal quotation marks omitted).

A conversion claim requires that a plaintiff plead that the defendant exercised an unauthorized dominion over the thing in question—*here Mr. Fladlevich's bank account*—to the exclusion of the plaintiff's rights. The Proposed 3rd Amended Complaint does not allege any

3

acts of conversion by JD; *only GMBS and Kelbach*. To cure the lack of any acts by JD, Plaintiff alleges that "[t]he Landlord Defendant [JD], as the party in the collection lawsuit, acted through its agents, GMBS and Eric Kelbach in converting Mr. Fladlevich's money…For purposes of the conversion claim, the acts of GMBS and Mr, Keilbach are the actions of the Landlord Defendant." (Proposed 3rd Amended Complaint ¶ 110). However, Mr. Keshavarz, Plaintiff's counsel, well knows that: (i) JD was not Plaintiff's landlord but instead JE Realty, a separate landlord with a different individual owner, was Plaintiff's landlord, (ii) this Court already found that there is "no evidence in the record to support his claim that there was an actual or apparent principal-agent relationship when GMBS issued the information subpoenas and restraining orders on JD's behalf," and (iii) "Plaintiff does not offer any support for his theory that a client can be held liable for its attorney's actions when (a) the attorney was acting outside the scope of the agreement, and (b) the client was unaware of such actions." Decision at 41.

Accordingly, by leaving in the conversion claim, ***Mr. Keshavarz, Plaintiff's counsel, acts as if the Court's Decision and its factual findings and legal conclusions were never written and do not exist.*** Simply put, as a result of this Court's Decision, asserting a conversion claim against JD, or any other claim, is futile and thus Plaintiff and his counsel should not be permitted to file the Proposed 3rd Amended Complaint unless all claims against JD are removed.

Mr. Keshavarz was allowed to proceed to summary judgment long after JD presented proof that: (i) JD was not Plaintiff's landlord, (ii) GMBS' and Mr. Keilbach's acts were improperly taken in the name of JD and, (iii) such acts were taken without JD's knowledge or authority. Even after Mr. Keilbach testified that he accidentally sought to freeze Plaintiff's funds in the name of JD, not realizing that he was acting on behalf of the wrong landlord, and that he never informed JD of his actions, Mr. Keshavarz still refused to voluntarily dismiss the claims

4

against JD forcing JD to incur the cost of its summary judgment motion. This improper litigation has cost JD tens of thousands of dollars in litigation costs.

Upon issuance of this Court's summary judgment decision, JD's Kafkaesque nightmare was over. But once again, by filing a motion to file an amended complaint which continues to pursue JD, Mr. Keshavarz is demonstrating that he does not care about the facts or law. ***He is going to pursue JD, the wrong party, no matter what; regardless of any factual or legal support.*** Mr. Keshavarz should be sanctioned by this Court, for ignoring this Court's factual findings and continuing frivolous litigation, and be compelled to pay JD's legal fees incurred since this Court's Decision, including the fees incurred opposing Plaintiff's motion seeking leave to file the Proposed 3rd Amended Complaint.[2]

## CONCLUSION

For the foregoing reasons Defendant JD 34th Street Realty LLC respectfully requests that the Court deny Plaintiff's motion seeking leave to file the Proposed 3rd Amended Complaint grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 6, 2025

        HERRICK, FEINSTEIN LLP

        By: */s/ Arthur G. Jakoby*
        Arthur G. Jakoby, Esq.
        Two Park Avenue
        New York, New York 10016
        212-592-1400
        *Attorneys for JD 34th Street Realty LLC*

---

[2] JD has not sent a 21-day safe harbor notice to Plaintiff along with a proposed Rule 11 motion due to the legal fee costs of drafting a motion; JD has already incurred tens of thousands of dollars to defend Plaintiff's frivolous claim. But this Court can, on its own initiative, impose sanctions against Plaintiff's counsel. *Revellino & Byczek, LLP v. Port Authority of NY & NJ,* 682 Fed.Appx. 73 (2d Cir. Mar. 15, 2017)(Second Circuit affirmed court's *sua sponte* Rule 11 sanctions, noting the "more exacting" standard required for sanctions imposed without the 21-day "safe harbor" period). See, *Tenay v. Culinary Teacher's Ass'n of Hyde Park, N.Y. Inc.,* 223 F.R.D. 483 (SDNY 2005)(Court imposed Rule 11 sanctions against counsel who sued the wrong party and—*as Mr. Keshavarz has done here*—refused to discontinue action).