# A H M A D   K E S H A V A R Z
## *Attorney at Law*

---

16 COURT ST., 26TH FLOOR
BROOKLYN, NY 11241-1026

WWW.NEWYORKCONSUMERATTORNEY.COM
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (718) 522-7900
Fax: (877) 496-7809

October 22, 2025

**VIA ECF**
Judge Nina R. Morrison
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> **Re:    Plaintiff's Reply to Defendant JD 34th Street Realty, LLC's Unanticipated Memorandum of Law in Opposition to Plaintiff's Motion to Amend.**
> ***Fadlevich v. JD 34th Street Realty, LLC,* No. 1:19-cv-04227-NRM-MMH**

Dear Judge Morrison:

Plaintiff files this letter in reply to the Memorandum of Law in Opposition to his Motion to Amend filed by Defendant JD 34th Street Realty, LLC ("JD 34th"). Dkt. No. 147. Plaintiff only anticipated receiving a response from the Gutman Defendants—the only parties against whom new claims are asserted, and the only parties who opposed Plaintiff's letter for a pre-motion conference—and consequently only addressed the arguments raised by the Gutman Defendants in their letter, Dkt. No. 140, opposing Plaintiff's letter for a pre-motion conference.

Plaintiff's Proposed Third Amended Complaint left in state law claims against Defendant JD 34th, including an EIPA claim which had already been dismissed by this Court, Dkt. No. 135. Plaintiff left those claims in the third amended complaint not out of an intent to pursue further litigation against Defendant JD 34th in district court, but to preserve his rights to appeal. *See Portkey Technologies Pte Ltd. et al. v. Venkateswaran*, 2024 WL 4404127 at *1 (S.D.N.Y. 2024) (allowing the repleading of previously dismissed counts in an amended complaint to preserve a plaintiff's appeal rights). Plaintiff and his counsel are fully aware that the EIPA claim has been dismissed and await a definitive ruling from this Court on the conversion claim as to Defendant JD 34th. Plaintiff left the state law claims against Defendant JD 34th out of an abundance of caution to preserve his appellate rights, mindful of the general principle that "an amended complaint ordinarily supersedes the original, and renders it of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied*, 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 758 (1978). *See also e.g. Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 29, 145 S.Ct. 41, 220 L.Ed.2d 289 (2018).

It is Plaintiff's understanding that withdrawing the conversion claim prior to a definitive ruling from this Court would constitute withdrawal and abandonment of the claim for purposes of appellate review. JD's position is that the Court got it wrong by not dismissing the conversion claim against it given its holding that Gutman was not its agent. *See* Dkt. No. 141 p. 3 ("It is Defendant JD 34th position that the Court's failure to expressly dismiss the conversion claim against JD 34th is an error and was not intended by the Court.") The proper mechanism for JD to address that is either on a motion for reconsideration or an argument in the forthcoming briefing

on the remaining conversion claim. The proper mechanism is not to threaten sanctions unless Plaintiff abandons his appellate rights by dismissing the conversion claim against JD that the Court would not. The object of Plaintiff's amendment was solely the assertion of negligence *per se* and gross negligence claims against the Gutman Defendants, not the advancement of further district court litigation against Defendant JD 34th. If it is the position of this Court that either or both of the state law claims against JD 34th have been dismissed with prejudice, Plaintiff would consent to withdraw those claims from the third amended complaint pursuant to the most recent Second Circuit law, which "do[es] not require futile repleading of a claim that has been dismissed with prejudice." *Hancock v. County of Rensselaer*, 882 F.3d 58, 63 (2d Cir. 2018) (citing *In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 162 (2d Cir. 2000)). Further, had Defendant JD 34th raised this issue at any point prior to filing a full memorandum of law in opposition, the issue of the state law claims against JD 34th could have plausibly been resolved prior to filing of a proposed amended complaint. The Gutman Defendants filed their own letter indicating their opposition to Plaintiff's motion and briefly indicating their reasons why, which prompted Plaintiff's counsel to research and respond to the Gutman Defendants' arguments in his motion. There is no reason JD 34th could not have done the same, which would have prompted Plaintiff's counsel to research the effect of repleading or declining to replead with regards to preservation of appeal rights, and likely resulted in earlier discovery of the most recent Second Circuit caselaw removing any requirement of repleading dismissed claims to preserve appeal rights. At the time of the filing of the motion, it was not clear to Plaintiff's counsel the effect of failing to replead a claim, and the Second Circuit has even acknowledged a circuit split on the issue. *See Crysen/Montenay* at 162 (citing *Marx v. Loral Corp.*, 87 F.3d 1049, 1055-56 (9th Cir. 1996)). Given the discovery of this more recent Second Circuit caselaw, Plaintiff requests that the Court permit him to withdraw the EIPA claim from the Proposed Third Amended Complaint.

As Plaintiff's amendment did not seek to advance any further litigation against JD 34th in district court, JD 34th's request that this Court impose sanctions should likewise be denied, as the expenses JD 34th incurred in responding to this motion to amend are expenses it chose to incur unnecessarily. The *only* claims newly asserted in the Proposed Third Amended Complaint are against the Gutman Defendants, not JD 34th, and JD 34th's response to the motion for leave to amend was wholly unnecessary, particularly given that JD 34th had, and did not take, the opportunity to raise issues prior to full briefing. *See Tenay v. Culinary Teachers Ass'n of Hyde Park, New York, Inc.*, 225 F.R.D. 483, 486-87 (S.D.N.Y. 2005) (denying motion for sanctions to the extent that attorney's fees incurred were due to the fault of the movant for filing pleadings seeking relief which would have been granted even in the absence of the movant's pleadings.)


Respectfully,

        /s/

Ahmad Keshavarz