# AHMAD KESHAVARZ
*Attorney at Law*

---

16 COURT ST., 26TH FLOOR  
BROOKLYN, NY 11241-1026

WWW.NEWYORKCONSUMERATTORNEY.COM  
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (718) 522-7900  
Fax: (877) 496-7809

January 9, 2026

**VIA ECF**  
Judge Marcia M. Henry  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, NY 11201

>    Re:   Status letter as to close of discovery and Plaintiff's consent request for 45 additional days to certify the close of discovery solely for Wells Fargo to produce previously undisclosed documents related to Plaintiff's conversion claim.
>    *Fadlevich v. JD 34th Street Realty, LLC*, No. 1:19-cv-04227-NRM-MMH

Dear Judge Henry:

The Parties[1] file this joint status report regarding the close of discovery as per Your Honor's ECF Order of January 5. The Parties apologize to the Court for missing the original deadline of December 26 to file this report, and will be more diligent in the future to comply with the deadlines of the Court.

The Parties took the deposition of a corporate representative of Wells Fargo on December 18 and December 19 as to the issue of whether money was actually removed from Plaintiff's Wells Fargo bank account and, if so, where it went. The deposition was based on nearly 500 pages of documents produced in response to a subpoena by Wells Fargo approximately five years ago.

Plaintiff's view is that the corporate representative testified that her testimony was based on reviewing the information on ***the back*** of a check issued by Wells Fargo issued in the name of Marshal Moses. However, Wells Fargo never produced the back of the check. In addition, Wells Fargo disclosed for the first time in the December deposition that letters regarding alleged transfers of different amounts of money, which formed part of the summary judgment record, were based on investigations by two other departments of the bank that came to their own conclusions. However, none of the documents that reflect the investigations of the two other Wells Fargo departments were reviewed by the deponent to form a basis of her testimony, nor produced by Wells Fargo five years ago. The existence of additional documents was a surprise to the Parties.

At the deposition, Plaintiff called for the production of the back of the check and documents reflecting the investigations of the two other bank departments, and conferred with counsel for the bank further. Counsel for the bank is conferring with the bank to reply to the

---

[1] As use in this letter the term "Parties" means Plaintiff and the Gutman Defendants. Defendant JD 34th Street Realty, LLC did not attend or take any part of the deposition of Wells Fargo.

1

request for documents, but it may take more than two weeks to reply to the request for documents, and there could always be unforeseen delays in an entity as large as Wells Fargo.

      Consequently, Plaintiff requests, and Gutman Defendants consent, for 45 additional days to certify the close of discovery solely for Wells Fargo to produce previously undisclosed documents related to Plaintiff's conversion claim. The documents revealed for the first time at Wells Fargo's deposition are the only issue remaining. The deadline would be February 23, 2026.[2]

      The Parties thank the Court for its consideration.

Respectfully,

/s/

Ahmad Keshavarz

---

[2] The Parties wish to give an additional cushion of time in the event there are delays in the response to the request for production of the documents.