# AHMAD KESHAVARZ
*Attorney at Law*

---

16 COURT ST., 26TH FLOOR
BROOKLYN, NY 11241-1026

WWW.NEWYORKCONSUMERATTORNEY.COM
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (718) 522-7900
Fax: (877) 496-7809

February 23, 2026

**VIA ECF**
Judge Marcia M. Henry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:  Plaintiff's motion to enforce subpoena of documents responsive to each of Plaintiff's previous subpoenas of February 2, 2026 and November 1, 2019. *Fadlevich v. JD 34th Street Realty, LLC,* No. 1:19-cv-04227-NRM-MMH

Dear Judge Henry:

Plaintiff requests that the Court order the production by Wells Fargo of documents responsive to two earlier subpoenas, after which discovery in this matter will be closed.

The Parties took the deposition of a corporate representative of Wells Fargo on December 18 and December 19 as to the issue of whether money was actually removed from Plaintiff's Wells Fargo bank account and, if so, where it went. The deposition was based on nearly 500 pages of documents produced in response to a subpoena by Wells Fargo approximately five years ago.

The corporate representative testified that her testimony was based on reviewing the information on *the back* of a check issued by Wells Fargo issued in the name of Marshal Moses. Wells Fargo has since produced the back of the check, which had not been produced previously. **See Exhibit A** (Back of Check as Produced).

In addition, Wells Fargo disclosed for the first time in the December deposition that letters regarding alleged transfers of different amounts of money, which formed part of the summary judgment record, were based on investigations by two other departments of the bank, the Payouts & Releases Department and the Complaints & Management Department, that came to their own, contrary conclusions.

However, none of the documents that reflect the investigations of the two other Wells Fargo departments were reviewed by the deponent to form a basis of her testimony. Exhibit C 12/19 Depo Trans.) p. 212:21-217:16. And it was those two departments who were dealing with the bank restraints and associated releases of funds. *See. e.g.* **Exhibit B** (12/18 Depo Trans.) pp. 35:23 – 38:25; **Exhibit C** (12/19 Depo Trans.) p. 156:06-09, 157:08 – 157:19, 158:06-16. Further it was those departments that dealt with the demands by Mr. Fadlevich to release his funds and to return money.  **Exhibit C** (12/19 Depo Trans. pp. 204:23-20 – 208:05.

Yet the very *existence* of documents and records of those departments were not disclosed until the Wells Fargo deposition. Plaintiff seeks to enforce the subpoenas that would have

encompassed the production of those documents. This was not produced by Wells Fargo five years ago, or today. The existence of additional documents was a surprise to the Parties, and Wells Fargo has refused or ignored Plaintiff's numerous requests for these documents. **Exhibit D** (Attempts to Confer).

Obtaining these additional documents was the reason the Parties sought and the Court authorized the extended discovery deadlines. *See* Dkt. No. 151, p. 1, ¶ 3 (Status Letter);[1] *see also* January 13 ECF Order (granting Dkt. No. 151 for "limited discovery regarding Plaintiff's conversion claim ***to obtain additional documents disclosed for the first time at a third-party deposition*** in December 2025.") (emphasis added).

At the deposition, Plaintiff called for the production of the back of the check and documents reflecting the investigations of the two other bank departments. Exhibit C (12/19 Depo Trans.) pp. 210:10 – 211:5; 216:5 – 216:20), and conferred with counsel for the bank further. As stated above, Wells Fargo has since produced the back of the check, but Plaintiff and Wells Fargo are at an impasse as to the other documents after numerous attempts to confer.

Consequently, Plaintiff requests that the Court order the production of documents from the Payouts & Releases Department and the Complaints & Management Department regarding Plaintiff's account. These documents, revealed for the first time at Wells Fargo's deposition, are the only issue remaining, and are responsive to Plaintiff's past subpoenas of Wells Fargo. **Exhibit E** (02/06/26 Subpoena); **Exhibit F** (11/01/19 Subpoena and Deposition on Written Questions).

Specifically, Plaintiff's February 6, 2026 Subpoena requested in relevant part:

> 1. The documents concerning the "Correspondence Regarding Bank Restraint" or "Wells Fargo Response Letters" or the information subpoenas or bank restraints dated January 1, 2018 or later not already produced by Wells Fargo in response to a prior subpoena. This includes, without limitation, documents in the possession custody of control of:
>
>> a. "the Payouts and Releases Department."
>>
>> b. "Complaints and Management Department."

**Exhibit E** (02/06/26 Subpoena p. 5).

Additionally, Plaintiff's November 1, 2019 Subpoena requested in relevant part that Wells Fargo "[p]rovide any documentation concerning monies taken from Mr. Fadlevich's accounts pursuant to alleged debt or judgment, including any fees associated with the restraint and any monies returned to Mr. Fadlevich, to Defendants, and to any New York City Marshal,

---

[1] One critical document, the back of the check issued in the name of Marshal Moses, has been produced. But that was only one of the documents, and the balance of the documents described in the following excerpt from the January status letter have not been produced:

> "In addition, Wells Fargo disclosed for the first time in the December deposition that letters regarding alleged transfers of different amounts of money, which formed part of the summary judgment record, were based on investigations by two other departments of the bank that came to their own conclusions. However, none of the documents that reflect the investigations of the two other Wells Fargo departments were reviewed by the deponent to form a basis of her testimony, nor produced by Wells Fargo five years ago. The existence of additional documents was a surprise to the Parties."

Dkt. No. 151, p. 1, ¶ 3 (Status Letter).

2

including but not limited to Marshal Ronald Moses. This includes any ledger, and copies of the front and back side of any checks." **Exhibit F** (11/01/19 Subpoena) p. 7, ¶ 3.

Under a reasonable reading of either subpoena, documents in the possession of the Payouts and Releases Department and the Complaints and Management Department regarding the repeated restraints of Mr. Fadlevich's account and the ensuing disputes and correspondence were responsive and should have been produced, and certainly under the second subpoena which specifically requested such documents as identified in Wells Fargo's own deposition testimony.

Plaintiff thanks the Court for its consideration.

Respectfully,

/s/

Ahmad Keshavarz

cc: all parties via ECF and Wells Fargo via email to their counsel Andrew Arthur aarthur@zeklaw.com

cc: Wells Fargo at 3 Flushing Ave, Suite 100, Brooklyn, NY 11205 (via process server)

## CERTIFICATE OF CONFERENCE

I attempted to resolve these matters without court involvement, but those efforts have been unsuccessful. I conferred with counsel for Wells Fargo both in writing and via telephone. As to conferring via email, *see* Exhibit D, including, *inter alia*, on January 5, 23, 29, and February 3, 5 and 23. I spoke with counsel for Wells Fargo today and confirmed we were at an impasse.

Dated: Brooklyn, New York
February 23, 2026
/s/
Ahmad Keshavarz