**From:** Ahmad Keshavarz
**Sent:** Monday, February 23, 2026 2:00 PM
**To:** Andrew Arthur; Ken Novikoff
**Cc:** Kevin Gartland
**Subject:** RE: Fadlevich - Wells Fargo supplemental documents

Andrew,

Just left you another message. Please give me a call to discuss. Thanks.



FDCPA Attorneys: Protecting consumers from deceptive and unfair debt collection

**The Law Office of Ahmad Keshavarz**
16 Court St., Suite 2600, Brooklyn, NY 11241-1026
Cell: (347) 308-4859    Fax: (877) 496-7809
Website: www.NewYorkConsumerAttorney.com   Email: ahmad@NewYorkConsumerAttorney.com

**From:** Andrew Arthur [mailto:aarthur@zeklaw.com]
**Sent:** Monday, February 23, 2026 1:54 PM
**To:** Ahmad Keshavarz; Ken Novikoff
**Cc:** Kevin Gartland
**Subject:** RE: Fadlevich - Wells Fargo supplemental documents

Ahmad,

Did you send this the subpoena directly to the bank? I never accepted service of this subpoena (nor did you ask if I would) and as you know the bank has their own department that handles subpoenas. The bank even corresponded with you directly with the last production regarding the last subpoena.

Even if I had accepted service, which I didn't, the subpoena on its face appears to be deficient as it does not comply with CPLR 3120(2), which did not allow for 20 days for a response ("which *shall* be not less than twenty days") – the subpoena is dated February 6, 2026 and you were looking were looking for a response by February 20, 2026, which is certainly less than 20 days.

Best,
Andrew

1

**Andrew Arthur**
*Associate*



**From:** Ahmad Keshavarz <ahmad@newyorkconsumerattorney.com>
**Sent:** Monday, February 23, 2026 10:34 AM
**To:** Andrew Arthur <aarthur@zeklaw.com>; Ken Novikoff <Ken.Novikoff@rivkin.com>
**Cc:** Kevin Gartland <kevin@newyorkconsumerattorney.com>
**Subject:** [EXTERNAL] RE: Fadlevich - Wells Fargo supplemental documents
**Importance:** High

Hi Andrew,

Hope you are well and are surviving the snow storm today.

I left a voicemail message for you on Friday morning (2/20) and again a few minutes ago  As I indicated, the deadline for subpoena compliance was 2/20 but WF has not produced the documents.

I am moving to compel shortly as the discovery close date I today. These are documents that should have been produced years ago, in addition to last Friday.

Even if WF will not produce the documents it would help if we could at least have a short call.

If we do not hear from you by 2:00 PM we will file the motion to enforce both the original subpoena and the most recent one.

**<span style="color:red">Ken, do you consent to, oppose of take no position as to a motion to enforce the prior subpoenas?</span>**

Thanks.



FDCPA Attorneys: Protecting consumers from
deceptive and unfair debt collection

**The Law Office of Ahmad Keshavarz**
16 Court St., Suite 2600, Brooklyn, NY 11241-1026
Cell: (347) 308-4859    Fax: (877) 496-7809
Website: www.NewYorkConsumerAttorney.com   Email: ahmad@NewYorkConsumerAttorney.com

2

**From:** Ahmad Keshavarz
**Sent:** Thursday, February 5, 2026 12:19 PM
**To:** Andrew Arthur; Ken Novikoff
**Cc:** Kevin Gartland
**Subject:** RE: Fadlevich - Wells Fargo supplemental documents

Andrew,

I appreciate that.

1.   I am getting the sense from the email below is that it is the position of WF that " the items below [other than the front and back of the check] are not within the scope of the subpoena and they will not produce it."

2.   But if that is wrong then a clear statement the "they do not have any of the items below" would be helpful, particularly if they execute and declaration clearly stating that.

Please LMK if the answer is # 1 or # 2. I do not want to go through the process of another subpoena etc of # 2 is the answer.

Thanks.

**The Law Office of Ahmad Keshavarz**
16 Court St., Suite 2600, Brooklyn, NY 11241-1026
Cell: (347) 308-4859    Fax: (877) 496-7809
Website: www.NewYorkConsumerAttorney.com   Email: ahmad@NewYorkConsumerAttorney.com

**From:** Andrew Arthur [mailto:aarthur@zeklaw.com]
**Sent:** Tuesday, February 3, 2026 10:48 AM
**To:** Ahmad Keshavarz; Ken Novikoff
**Cc:** Kevin Gartland
**Subject:** RE: Fadlevich - Wells Fargo supplemental documents

Ahmad,

The position is that everything has already been produced.

**Andrew Arthur**
*Associate*

3



730 Third Avenue
New York, NY 10017
tel: (212) 826-5314
aarthur@zeklaw.com | www.zeklaw.com

NEW YORK | CONNECTICUT | NEW JERSEY | WASHINGTON, D.C. | TEL AVIV

**From:** Ahmad Keshavarz <ahmad@newyorkconsumerattorney.com>
**Sent:** Tuesday, February 3, 2026 10:45 AM
**To:** Ken Novikoff <Ken.Novikoff@rivkin.com>; Andrew Arthur <aarthur@zeklaw.com>
**Cc:** Kevin Gartland <kevin@newyorkconsumerattorney.com>
**Subject:** RE: Fadlevich - Wells Fargo supplemental documents

Thanks Andrew,

Are they saying they do not have any of the items below, or are they taking the position the items below [other than the front and back of the check] are not within the scope of the subpoena and they will not produce it. Also, are the dispute packages my client sent scanned as a single (pdf?) Please let me know. Thanks.

Hi Andrew,

We called for the production of three items during the deposition of the WF corporate representative. These are all documents that should have been produced in response to the document subpoena we served on WF a number of years ago.

1.  The documents in the possession of the "pay out department"

2.  The documents in the possession of the "Complaints and Management Department and Releases Department"

3.  The back of the check issued to Marshal Moses.

As to items 1 and 2, these would be documents related to Mr. Fadlevich e.g. his multiple letters seeking the release of his bank account, the investigations made related to those disputes, the response of WF to those dispute, and the basis of those response (that is, the letters to Mr. Fadlevich).

Also, to address the issue of what documents were included in each dispute package received by Mr. Fadlevich, if each of those packets is saved as its own PDF file, that would be helpful to have.

The Court just issued an order for the Parties to submit a letter certifying discovery has been completed.

Therefore, I would you would let us know by 12:00 PM on January 8:

1.   Whether WF will voluntarily agree to produce those documents and
2.   If so, how long you would need.

Please let us know.

I have attached the deposition transcripts and a word file where I excerpt the section of testimony regarding the documents requested.

Thanks


**From:** Andrew Arthur <aarthur@zeklaw.com>
**Sent:** Tuesday, February 3, 2026 10:26 AM
**To:** Ahmad Keshavarz <ahmad@newyorkconsumerattorney.com>
**Cc:** Kevin Gartland <kevin@newyorkconsumerattorney.com>; Ken Novikoff <Ken.Novikoff@rivkin.com>
**Subject:** [EXTERNAL] RE: Fadlevich - Wells Fargo supplemental documents

Ahmad,

Thanks for following up. When I spoke to WF and provided them with your additional requests, the front and back of the check was all that was responsive that had not already been produced. Would you like them to explicitly state that in a declaration?



ZEICHNER ELLMAN & KRAUSE LLP

730 Third Avenue
New York, NY 10017
tel: (212) 826-5314
aarthur@zeklaw.com  | www.zeklaw.com

NEW YORK | CONNECTICUT | NEW JERSEY | WASHINGTON, D.C. | TEL AVIV


5

**From:** Ahmad Keshavarz <ahmad@newyorkconsumerattorney.com>
**Sent:** Tuesday, February 3, 2026 10:22 AM
**To:** Andrew Arthur <aarthur@zeklaw.com>
**Cc:** Kevin Gartland <kevin@newyorkconsumerattorney.com>; Ken Novikoff <Ken.Novikoff@rivkin.com>
**Subject:** RE: Fadlevich - Wells Fargo supplemental documents

Andrew,

Checking in one last time. Can you please just let me know one way or the other if WF will be producing additional documents?

**The Law Office of Ahmad Keshavarz**
16 Court St., Suite 2600, Brooklyn, NY 11241-1026
Cell: (347) 308-4859     Fax: (877) 496-7809
Website: www.NewYorkConsumerAttorney.com   Email: ahmad@NewYorkConsumerAttorney.com

**From:** Ahmad Keshavarz
**Sent:** Thursday, January 29, 2026 9:43 AM
**To:** Andrew Arthur (aarthur@zeklaw.com)
**Cc:** Kevin Gartland; Kevin Gartland
**Subject:** FW: Fadlevich - Wells Fargo supplemental documents

Andrew,

Can you let me know what, if anything you can find out by the end of the day as to whether WF will be producing the balance of the documents requested.

The judge has given us a short extended deadline so if I need to file a motion to enforce the prior subpoena (and perhaps issuing a new subpoena for documents) I need to do so very soon.

Those items are:

Hi Andrew,

We called for the production of three items during the deposition of the WF corporate representative. These are all documents that should have been produced in response to the document subpoena we served on WF a number of years ago.

1. The documents in the possession of the "pay out department"

2. The documents in the possession of the "Complaints and Management Department and Releases Department"

3. The back of the check issued to Marshal Moses.

As to items 1 and 2, these would be documents related to Mr. Fadlevich e.g. his multiple letters seeking the release of his bank account, the investigations made related to those disputes, the response of WF to those dispute, and the basis of those response (that is, the letters to Mr. Fadlevich).

Also, to address the issue of what documents were included in each dispute package received by Mr. Fadlevich, if each of those packets is saved as its own PDF file, that would be helpful to have.

The Court just issued an order for the Parties to submit a letter certifying discovery has been completed.

Therefore, I would you would let us know by 12:00 PM on January 8:

1. Whether WF will voluntarily agree to produce those documents and
2. If so, how long you would need.

Please let us know.

I have attached the deposition transcripts and a word file where I excerpt the section of testimony regarding the documents requested.

Thanks

Please see testimony below as to the issue of what documents were included in each dispute package received from Mr. Fadlevich, if each of those packets is saved as its own PDF file, that would be helpful to have.

Denaro, Kim, (Pages 224:20 to 225:8)
             224
20      Q.   I am going to leave a blank in your
21   deposition testimony, and subject to whatever
22   your employers or your counsels might say, I am
23   going to request that you or someone else from
24   Wells Fargo check to see if they are able to
25   determine which documents accompanied each of
             225
1             K. Denaro
2   the CSC notices.
3   (INSERT)

4
 5        MR. NOVIKOFF:  I am going to maintain
6  my objection to that request.
7        MR. ARTHUR:  Objection.  We will take
8  it under advisement.

**The Law Office of Ahmad Keshavarz**
16 Court St., Suite 2600, Brooklyn, NY 11241-1026
Cell: (347) 308-4859    Fax: (877) 496-7809
Website: www.NewYorkConsumerAttorney.com   Email: ahmad@NewYorkConsumerAttorney.com

**From:** Ahmad Keshavarz
**Sent:** Friday, January 23, 2026 6:39 PM
**To:** Andrew Arthur
**Cc:** Ken Novikoff; Kevin Gartland
**Subject:** Fwd: Fadlevich - Wells Fargo supplemental documents

Andrew, will WF going to produce the balance of the documents requested?
**Ahmad Keshavarz**

**From:** Ahmad Keshavarz
**Sent:** Monday, January 5, 2026 12:04 PM
**To:** Andrew Arthur
**Cc:** Ken Novikoff; Kevin Gartland
**Subject:** RE: Fadlevich: Wells Fargo subpoena for 12/18 subpoena

Hi Andrew,

We called for the production of three items during the deposition of the WF corporate representative.
These are all documents that should have been produced in response to the document subpoena we
served on WF a number of years ago.

1.  The documents in the possession of the "pay out department"

2.  The documents in the possession of the "Complaints and Management Department and
    Releases Department"

8

3.  The back of the check issued to Marshal Moses.

As to items 1 and 2, these would be documents related to Mr. Fadlevich e.g. his multiple letters seeking the release of his bank account, the investigations made related to those disputes, the response of WF to those dispute, and the basis of those response (that is, the letters to Mr. Fadlevich).

Also, to address the issue of what documents were included in each dispute package received by Mr. Fadlevich, if each of those packets is saved as its own PDF file, that would be helpful to have.

The Court just issued an order for the Parties to submit a letter certifying discovery has been completed.

Therefore, I would you would let us know by 12:00 PM on January 8:

1.  Whether WF will voluntarily agree to produce those documents and
2.  If so, how long you would need.

Please let us know.

I have attached the deposition transcripts and a word file where I excerpt the section of testimony regarding the documents requested.

Thanks