# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

**MARK FADLEVICH**

Case No.: **1:19-cv-04227-AMD-CLP**

**Plaintiff,**

-against-

**JD 34TH STREET REALTY LLC,**
**GUTMAN, MINTZ, BAKER & SONNENFELDT, LLP,**
**and**
**ERIC KEILBACH,**

**Defendants.**

-------------------------------------------------------------------X

## PLAINTIFFS' NOTICE OF DEPOSITION ON WRITTEN QUESTIONS DUCES TECUM ON WELLS FARGO, N.A.

Plaintiff provides notice of the attached Deposition on Written Questions Duces Tecum to nonparty WELLS FARGO, N.A.

The deposition will be used for discovery purposes and may be introduced as evidence on the trial of this action.

Respectfully submitted,

/s/

Emma Caterine
THE LAW OFFICES OF AHMAD KESHAVARZ

The Law Office of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026

Phone: (718) 522-7900
Email: emma@NewYorkConsumerAttorney.com

## CERTIFICATE OF SERVICE

I  hereby certify that on this day I caused to be served the above referenced document to the parties listed below via email to:

      Jina Moon
      Herrick, Feinstein LLP
      *Attorneys for JD 34th Street Realty LLC*
      Two Park Avenue
      New York, NY 10016
      JMoon@herrick.com

      Ken Novikoff
      Rivkin Radler
      926 RXR Plaza
      Uniondale, NY 11556-0926
      Ken.Novikoff@rivkin.com

Date: <u>November 1, 2019</u>
      Brooklyn, NY
/s/
Emma Caterine
Attorney for Plaintiff

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | | |
|---|---|---|
| MARK FADLEVICH | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:19-cv-04227-AMD-CLP |
| JD 34TH STREET REALTY LLC, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
Wells Fargo, N.A.
276 Bowery, New York, NY 10012
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Exhibit C

| Place: The Law Office of Ahmad Keshavarz | Date and Time: |
|---|---|
| 16 Court St., 26th Floor | |
| Brooklyn, NY 11241-1026 | 11/15/2019 5:00 pm |

The deposition will be recorded by this method: _____

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Exhibit B

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   11/01/2019

| CLERK OF COURT | | |
|---|---|---|
| | OR | *Com Cat* |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Mark Fadlevich
_____ , who issues or requests this subpoena, are:
Emma Caceribne, 16 Court Street, 26th Fl., Brooklyn, NY 11241; 718-522-7900; emma@newyorkconsumerattorney.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:19-cv-04227-AMD-CLP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

### DEFINITIONS AND INSTRUCTIONS

**To assist you in identifying documents responsive to this request, Plaintiff Mark Fadlevich provides the following information:**

> **Mark Fadlevich's Date of Birth:** ██████████
> **Mark Fadlevich's Social Security Number:** ██████████
> **Wells Fargo Case Numbers:** #28582119; #115416218.
> **Wells Fargo Reference Numbers:** #144082939; #147774700

**Documents can be produced via email to Ahmad@newyorkconsumerattorney.com or via postal mail to the address listed on the subpoena.**

Please produce a privilege logs if you are asserting any attorney client privilege, attorney work-product privilege, or assertion of confidentiality that complies with Local Rule 26.2(a) and (b).

1. "**Plaintiff**" means the Plaintiff in this federal lawsuit, **Mark Fadlevich**.

2. "**Defendants**" means the parties who have been sued in this federal lawsuit this federal lawsuit: JD 34th Street Realty LLC; Gutman, Mintz, Baker & Sonnenfeldt, LLP; and Eric Keilbach. For purposes of this subpoena the term Defendants also includes J**E** 34th Street Realty LLC and Douglaston Realty Management.

3. The "**Collections Lawsuit**" shall refer to the lawsuit *JD 34th Street Realty LLC v. Mark Fadlevich and El Roy Red,* LT-058732-16/QU, in the Queens County Housing Court, and the resulting judgment. Note that the cases may also have been identified as "*JE* 34th" instead of "*JD* 34th", or reverse the names of the persons being sued, so *v. El Roy Red and Mark Fadlevich* and instead of *v. Mark Fadlevich* and *El Roy Red*.

4. The term "**Documents**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term. This includes, without limitations:

   a. Emails
   b. Faxes
   c. Letters
   d. Computer screen shots
   e. Bank restraints and information subpoenas
   f. Correspondence with a customer, a law firm, or a New York City Marshal.
   g. Statements
   h. Accounting ledgers
   i. Checks

## EXHIBIT B

### DOCUMENTS TO BE PRODUCED

1. Produce all Documents[1] in your possession, custody, or control from the time period of September 1, 2018 to present in connection with the collection of the judgment in the Collection Lawsuit.[2]

2. Provide any Document regarding Mr. Fadlevich, the collection of the judgment in the Collection Lawsuit., including all Documents reflecting communications between You and Mr. Fadlevich, Defendants,[3] any property management company, or any New York City Marshal, including Marshal Ronald Moses.

3. Provide any documentation concerning monies taken from Mr. Fadlevich's accounts pursuant to alleged debt or judgment, including any fees associated with the restraint and any monies returned to Mr. Fadlevich, to Defendants, and to any New York City Marshal, including but not limited to Marshal Ronald Moses. This includes any ledger, and copies of the front and back side of any checks.

---

[1] See definition of Document,, item # 4 in Exhibit A, the Definitions section.

[2] The **"Collections Lawsuit"** shall refer to the lawsuit *JD 34th Street Realty LLC v. Mark Fadlevich and El Roy Red,* LT-058732-16/QU, in the Queens County Housing Court, and the resulting judgment. Note that the cases may also have been identified as "J*E* 34th" instead of "J*D* 34th", or reverse the names of the persons being sued, so *v. El Roy Red and Mark Fadlevich* and instead of *v. Mark Fadlevich* and *El Roy Red*.

[3] **"Defendants"** mean the parties who have been suit in this federal lawsuit: JD 34th Street Realty LLC; Gutman, Mintz, Baker & Sonnenfeldt, LLP; and Eric Keilbach. For purposes of this subpoena the term Defendants also includes J*E* 34th Street Realty LLC and Douglaston Realty Management

4. Provide a full accounting of any money restrained or taken from bank accounts in Mr. Fadlevich's name, including disbursements to other parties, releases of the accounts, and reversals of garnishments, including, inter alia, the dates of each transaction, the amounts of the transactions and who specifically the many was sent to or received from.

**EXHIBIT C**

**DEPOSITION BY WRITTEN QUESTIONS**

1.    Please state your full name, occupation, official title, and employer.

2.    Are you authorized to answer this Deposition by Written Questions on behalf of Wells Fargo, N.A.? If the answer to this question is something other than an unqualified admission, please explain.

3.  Did Wells Fargo receive any written communications from Defendants (especially Gutman, Mintz, Baker & Sonnenfeldt, LLP) to release bank accounts in Mr. Fadlevich's name? If Wells Fargo did receive such communications, when were they received? Have you produced those documents in response to this subpoena?

4.  Provide an accounting of all moneys restrained, taken out of, returned to, or disbursed regarding Mr. Fadlevich's accounts, and which if any have been reversed as of the date of receiving this subpoena.  Without limiting this request, especially provide the dates and amounts paid to Gutman, Mintz, Baker & Sonnenfeldt, LLP or any New York City Marshal.

5.  Has money been disbursed to Gutman, Mintz, Baker & Sonnenfeldt, LLP concerning restraints of bank accounts in Mr. Fadlevich's name, that has not been reversed as of the date of receiving this subpoena? If so, please provide an accounting of the same.

6.  Has money been disbursed to any New York City Marshal, concerning restraints of bank accounts in Mr. Fadlevich's name, that has not been reversed as of the date of receiving this subpoena? Which Marshals? If so, please provide an accounting of the same.

## **VERIFICATION**

STATE OF _____          §

_____ COUNTY             §

    Before me, the undersigned notary, on this day personally appeared _____ the affiant, a person whose identity is known to me. After I administered an oath to affiant, affiant testified:

    "My name is _____ I am capable of making this verification. I am employed as _____ at _____ and have been designated by WELLS FARGO, N.A. to answer the above Deposition on Written Questions. I have read the answer to the above deposition on written questions. I declare under penalty of perjury that the facts stated in this document are true and correct.

_____
Affiant

Sworn to and subscribed before me by on _____, 2019.

_____
Notary Public in and for the State of _____

My commission expires: _____