

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**KENNETH A. NOVIKOFF**
PARTNER
(516) 357-3110
ken.novikoff@rivkin.com

March 20, 2026

**VIA ECF**
Magistrate Judge Marcia M. Henry
Eastern District of New York
225 Cadman Plaza East
Courtroom 4GN
Brooklyn, New York 11201

   **Re:**  *Fadlevich v. JD 34th Street Realty, LLC,* **19-cv-04227-DG-MMH**

Your Honor:

  Rivkin, Radler LLP represents Defendants Gutman, Mintz, Baker & Sonnenfeldt, LLP and Eric Keilbach, ("Gutman Defendants"), in the above referenced action.  Reference is made to Plaintiff's motion to effectively extend the discovery deadline to allow him to enforce "two earlier subpoenas" served on non-party Wells Fargo ("Wells").  *See, Dkt. # 153.*

  The Gutman Defendants take no position on whether Wells has complied with the subpoenas served on it and will defer to Wells to speak to that issue and/or this Court to make its own independent determination.  The Gutman Defendants, however, do oppose Plaintiff's motion because any additional documents that Wells may produce will not alter the undeniable reality that the corporate representative designated by Wells to be its Rule 30(b)(6) witness repeatedly and unequivocally testified at her deposition that no monies initially restrained by Wells were ever forwarded to either City Marshal, Ronald Moses, or Defendant Gutman, Mintz.  This is a seminal issue on Plaintiff's conversion claim for relief, and the primary reason why discovery from Wells was sought by Plaintiff.

  In this regard, on March 31, 2025, this Court declined to grant summary judgment to the Gutman Defendants on Plaintiff's conversion claim for relief, finding that:

> … whether specific funds were actually restrained also relies on what appears to be another disputed material fact: whether the Marshal received any funds. In a letter dated January 8, 2019, Wells Fargo informed Plaintiff that it had determined that $1,562.00 of his funds in November 2018 were a "protected amount" and it consequently placed a hold of $23,839.89 as directed by the restraining order. Pl.'s Exhibit OO, ECF No. 122-41. Since it did

66 South Pearl Street, 11th Floor
Albany, NY 12207-1533
T 518.462.3000 F 518.462.4199

25 Main Street
Court Plaza North, Suite 501
Hackensack, NJ 07601-7082
T 201.287.2460 F 201.489.0495

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555 F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100 F 845.473.8777

March 20, 2026
Page 2

> not receive a fax from GMBS, it cut a check to Marshal Moses for $16,570.21 and mailed it to him. *Id.* Plaintiff included a copy of a check addressed to Marshal Moses, but the record is not clear if the check was ever deposited. Pl.'s Exhibit II, ECF No. 122-35. Marshal Moses says that he never received any monies from Wells Fargo. *See* Ronald Moses Decl. dated December 11, 2023, ECF No. 120-4, ¶¶ 2–3.

*See, Dkt. #135, at p. 35.*

On December 18, 2025, and December 19, 2025, Plaintiff deposed[1] Ms. Kim Denaro, Wells' 30(b)(6) witness.   The topics that Ms. Denaro was required to investigate and testify about revolved around the factual issue identified by this Court.   Critically, Ms. Denaro testified repeatedly, and unequivocally, that no monies, including the $16,570.21 reflected on the "Cashier's Check" made payable to "Ronald Moses, City Marshal," *see, Dkt. # 153-1,* were ever sent to Marshal Moses, or to Gutman, Mintz.

Examples of Ms. Denaro's testimony on this issue are as follows:

Q:      And was the $23,839 paid out to the marshal?

A:      No.

Q.      How do you know?

A.      Because I did the research this week. [  ].

*See, Exhibit "B" to Doc. #153, at p. 32, ln.8-13*

Q:      Can you identify what that document is?

A:      This is a copy of a check that was issued on December 14, 2018, to Ronald Moses City Marshal…[.]

[…]

Q:      Do you know if this check was actually sent to the marshal?

A:      No, it was not.

*Id., at p. 34, ln 13-15; p. 34, ln. 23 – p. 35, ln. 4.*

Q:      Let me read the next sentence.  Please contact Gutman Mintz Baker & Sonnenfeldt LLP with any and all attempts to regain funds as they are no longer in our

---

[1] The Gutman Defendants also questioned Ms. Denaro.

March 20, 2026
Page 3

> possession as they have been paid out in direct response to the legal Order.  Is that statement true?
>
> A:    My research did not show that this check was ever sent out to the marshal.

*Id., at p. 61, ln 3-13.*

> Q:    Based upon your investigation pursuant to the subpoena, as well as your conversations with Ms. Pacheco, it is Wells Fargo's position that no funds were ever paid out to Gutman, Mintz or to Marshal Moses; is that correct?
>
> A:    Correct.

*See, Exhibit "C" to Dkt. # 153, at p. 143, ln. 3-9.*

> Q:    … I am representing that Marshal Moses submitted a declaration … where he says the following: "I never received monies from Wells Fargo concerning plaintiff." Based upon your investigation and discussions with Ms. Pacheco, that would be a truthful statement, correct?
>
> A:    Correct.

*Id., at p. 146, ln. 10-18.*

> Q:    Based upon your investigation pursuant to the subpoena as well as your conversation with Ms. Pacheco, you came to the conclusion that this check was never mailed to Marshal Moses, correct?
>
> A:    Correct.

*Id., 140, ln. 25 – p, 141, ln. 6.*

For purposes of the payment/deposit issue identified by this Court as needing further evidentiary development, that record has been made.  Accordingly, no further discovery is required from Wells on Plaintiff's conversion claim.

Respectfully submitted,

RIVKIN RADLER LLP

*Kenneth A. Novikoff*

Kenneth A. Novikoff

4937-4804-8537, v. 1/