# AHMAD KESHAVARZ

*Attorney at Law*

---

16 COURT ST., 26TH FLOOR   WWW.NEWYORKCONSUMERATTORNEY.COM   Telephone: (718) 522-7900
BROOKLYN, NY 11241-1026   E-mail: ahmad@NewYorkConsumerAttorney.com   Fax: (877) 496-7809

June 15, 2026

**VIA ECF**
Judge Marcia M. Henry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> **Re:**   **Letter as to dispute between Plaintiff and non-party Wells Fargo.**
> ***Fadlevich v. JD 34th Street Realty, LLC,* No. 1:19-cv-04227-NRM-MMH**

Dear Judge Henry:

Plaintiff, with the consent of non-party Wells Fargo, files this letter as per Your Honor's ECF Order of June 12.

Plaintiff and Wells Fargo have conferred on June 15, 2026, and Wells Fargo has agreed to produce or reproduce all documents from the Payouts & Releases Department and the Complaints & Management Department, and to clearly mark which documents correspond to which department. Wells Fargo has requested, and Plaintiff consents, to a deadline of July 6, 2026.

Plaintiff and Wells Fargo are at an impasse on the contents of Wells Fargo's privilege log and require the Court's intervention as to the issue of the scope of privilege in Wells Fargo account notes.

Attached to this letter are an email chain containing Plaintiff and Wells Fargo's agreement and acknowledgement of impasse, Wells Fargo's disputed account notes, and Wells Fargo's privilege log corresponding to those account notes.

The privilege log is deficient. There is a claim of "attorney client privilege" which does not identify the attorney or the client. It only states a communication is from a person named "J. Hall," but does identify who that is, nor contend the information was sent to someone. The context of the surrounding account notes [WF001-WF005] gives no indication that the redacted information could be privileged. Rather, the surrounding notes just indicate steps that were taken in response to the repeated evidence Mr. Fadlevich provided to Wells Fargo that the money that Gutman Mintz was restraining consisted of exempt funds. To the degree the redacted section could be considered privileged, that privilege would have been waived by the extended testimony of the Wells Fargo corporate representative [Dkt. No. 153-2, 153-3] as to the reasons why Gutman Mintz's conduct resulted in Wells Fargo repeatedly restraining Mr. Fadlevich's exempt funds for many months.

1

The Parties thank the Court for its consideration.


Respectfully,

/s/

Ahmad Keshavarz